### JENKINS *v.* JENKINS.

GILBERT, J. "It is a well-established rule of practice that a ground of a motion for new trial based upon the admission of evidence should state the objection made to the evidence, and that such objection was urged at the time the objection was made; otherwise no question is raised for determination." *City of Rome* v. *McWilliams*, 145 *Ga.* 191 (88 S. E. 931).

2. Movant complains that the court erred in sustaining the objections of plaintiff's counsel and refusing to allow the plaintiff to answer the following question: "You don't want any alimony, do you?" This ground of the motion is incomplete, because it does not show what the witness would have answered if allowed. Moreover, the question appears to be fully answered by the fact that the plaintiff, to whom the question was propounded, was at the time prosecuting her suit in court for the recovery of alimony.

3. The ground of the motion based on alleged newly discovered evidence cannot be considered, because it is not shown that the facts therein set out were unknown to the defendant or his counsel before the trial;

nor is it shown that such facts could not have been discovered by the exercise of ordinary diligence. Civil Code (1910), § 6086. Moreover, the newly discovered evidence is merely impeaching.

4. Other grounds of the motion for new trial are without merit, and not of such character as to require special mention. The evidence authorized the verdict.

*Judgment affirmed. All the Justices concur, except Beck, P. J., absent on account of sickness.*

No. 1820. MARCH 9, 1920.

Alimony.  Before Judge Gower.  Ben Hill superior court.  November 22, 1919.

*James H. Dodgen* and *Wall & Grantham,* for plaintiff in error.
*A. J. & J. C. McDonald* and *Vessie Jones,* contra.