No. 5310. MAY 13, 1926.

---

## GORE v. THE STATE.

1. The assignments of error upon the instructions to the jury, excepted to in the motion for new trial, are without merit.

(a) Where three persons conspire to rob a merchant in his store, and one of the conspirators remains in an automobile in front of the store, with the engine running, in order that the three may speedily escape from the scene of the robbery, while the other two enter the store, and, in furtherance of the common design to rob, kill the merchant intended to be robbed, such killing is the probable consequence of the unlawful design to rob, and all the conspirators are guilty of murder, including the one in the automobile. It is not necessary that the crime of murder should be a part of the original design; but it is enough if it be one of the incidental probable consequences of the execution of their design, and should appear at the moment to one of the participants to be expedient for the common purpose. The intent of the actual slayer is imputable to his coconspirators.

(b) The theory that the defendant acted under coercion and the influence of fears produced by the actual slayer rests solely upon his statement to the jury; and the failure of the court to charge that theory of defense, even if the same were applicable under the facts, does not require the grant of a new trial, in the absence of a timely written request.

2. In the absence of a timely written request, the court did not err in omitting to charge upon a theory of defense arising on section 41 of the Penal Code, and resting solely upon the statement of the accused.

3. In the absence of a timely request, the court did not err in omitting to give in charge section 1031 of the Penal Code. Even if, under the special facts of the case, it was the duty of the court without a request

to charge upon the law of confessions, the omission to do so is not cause for a new trial, it appearing that without such confession there was sufficient evidence to warrant the conviction.

4. In the absence of a timely request, the court did not err in omitting to give in charge the principle set out in section 1032 of the Penal Code, or in failing to charge upon the fact of the confession being induced by some hope of benefit.

5. To allow counsel to ask a witness a leading question being a matter resting in the sound discretion of the court, and there being no abuse of discretion in this case, no reason to grant a new trial on that ground appears.

6. The court did not err, in the absence of a timely request, in not instructing the jury upon the theory, arising solely from the defendant's statement, of abandonment and repentance of criminal design and intent.

7. The omission to give in charge the definition of robbery as in section 148 of the Penal Code was not error in the absence of request so to do.

8. The court having correctly instructed the jury on the subject, the contention that the court failed to charge that a specific intent to kill is an essential element of the crime of murder, and that one charged as principal in the second degree of that crime can not be convicted unless it be shown that he not only aided in the act but participated in the murderous design, is not well taken.

9. An exception that the charge as a whole gave to the jury only the contentions of the State and the law applicable to them, and did not give the contentions of the defendant, is not sustainable.

10. Where in his statement to the jury the accused contended that his participation in the robbery that resulted in the death of the deceased was caused by coercion and fears produced by threats of one jointly indicted, and that he did not voluntarily participate in the transaction, the court did not err in admitting, in rebuttal, a statement contained in an affidavit made by the accused that he and his codefendants committed a robbery at another designated place on the night next preceding that on which the homicide occurred. This testimony was admissible upon the issue whether the accused voluntarily engaged in the robbery resulting in the homicide, or was threatened and coerced to do so.

11. A complaint that the sentence imposes upon the defendant a cruel and inhuman punishment, in violation of the constitutional provision on the subject, is no proper ground in a motion for a new trial, but is matter for direct exception.

12. Where, in a conspiracy to rob, one of the conspirators shoots and kills the person they design to rob, but the other conspirators are present aiding and abetting this design, the shooting is the act not only of one but of all the conspirators, and the killing is murder. There was no variance between the allegation of the indictment and the proof.

13. The evidence authorized the verdict.

No. 5356. MAY 13, 1926. REHEARING DENIED JUNE 28, 1926.

Murder. Before Judge Humphries. Fulton superior court. February 23, 1926.

*R. A. Garland, L. S. Maritzer, W. A. James,* and *L. S. James,* for plaintiff in error.

*George M. Napier, attorney-general, John A. Boykin, solicitor-general, T. R. Gress, assistant attorney-general, J. W. LeCraw,* and *E. A. Stephens,* contra.

HINES, J. John Wilson, alias Jack Wilson (sometimes referred to in the record as Jack Martin), T. R. Berry, and M. M. Gore were indicted for the murder of W. H. Cheek. Gore was tried separately and convicted, without a recommendation. He made a motion for new trial, which was overruled by the court, and to that judgment he excepted.

1. The court charged the jury as follows: "If two or more persons form a common intent and purpose to commit a crime, and in pursuance of such common intent and purpose such crime is actually committed, then and in that event the act of each present aiding and abetting in the commission of the crime is attributable to, and as the act of, all present aiding and abetting in the commission of the crime. If two or more persons form a common intent and purpose to go to the place of business of another and commit a robbery at such place of business, and if in pursuance of such common intent and purpose to commit a robbery. such persons should go to said place of business of the person where it is contemplated that the robbery would be committed, and if, in pursuance of such common intent and purpose to commit a robbery, one of those present, aiding and abetting in such effort to commit a robbery and acting with intent and purpose, if such should be the case, should shoot and kill the person sought to be robbed, then and in that event the act of the one shooting and killing the other would be attributable to and as the act of all present aiding and abetting in an effort to commit such crime, and each and all would be equally guilty under the law, if they went there with the common intent and purpose, and in pursuance of such common intent and purpose a crime was committed and they were all present aiding and abetting in the commission of the crime. Now, gentlemen, if you believe beyond a reasonable doubt that this defendant, in the County of Fulton and State of Georgia, at any time prior to the date of the finding and return of this bill of indictment into court by the grand jury, did form a common intent and purpose with another, or others, to commit

a robbery, and if you should further believe that, in pursuance of such common intent and purpose, the defendant himself and such other person or persons went to the place of business of another with such common intent and purpose, that is to say, with a common intent and purpose to commit robbery, and if you should further believe that in furtherance of such common intent and purpose, and with the intent and purpose to commit a robbery, one of those present shot and killed the person named in this bill of indictment, in furtherance, as stated, of a common intent and purpose to commit a robbery there, and upon such person, and if you should believe that this defendant was there present aiding and abetting in the commission of the act, that he went there with a common intent and purpose to commit a robbery, as stated, that in pursuance of such common intent and purpose and in furtherance of such effort one of them shot and killed the one named in this indictment, and, as stated before, this defendant was there aiding and abetting in the commission of the crime, then and in that event each and all so present aiding and abetting in the commission of the crime would be equally guilty, and each and all would be guilty of the offense of murder. Now, gentlemen, if you believe that this defendant, acting with a common intent and purpose with others, went to the place of business named in this indictment, with the common intent and purpose to commit a robbery, and that in furtherance of such common intent and purpose one of them shot and killed the man named in this indictment, and that this defendant was there aiding and abetting the other in his efforts to commit a robbery, and at the time the other shot and killed the one named in this indictment, and you believe that beyond a reasonable doubt, then and in that event it will be your duty to find him guilty of murder."

In his motion for new trial the defendant excepts to and assigns error upon the above instruction, upon the grounds: (a) that it made the test of intention against the defendant the intent to commit a robbery, and not the intent to commit murder; (b) because it was error for the court to deliver this charge on the subject of common intent, without a qualification that if the defendant acted under the coercion and fears of the person who actually killed the deceased, the defendant would not be guilty of possessing a common intent; (c) that the failure to charge on the subject of

coercion and fear was especially hurtful to the defendant, for the reason that the court admitted, over his objection, his signed confession that before the killing of the deceased this defendant had jointly participated in another robbery; (d) because it was error, after the court had recognized the defendant's statement to the extent of admitting evidence tending to contradict it, for the court to fail to give the contentions of the defendant as well as those of the State on the subject of common intent; (e) that the court in giving the above instruction so closely tracked the State's evidence as to express an opinion to the jury that the State had proved a joint intent sufficient to convict the defendant; (f) that the court nowhere in said instruction charged the jury that the defendant must have a joint intent to commit the crime of murder, but restricted the joint intent to the crime of robbery; (g) that the court accentuated and reiterated the use of the words "common intent and purpose" so as to unduly impress the jury with the idea that a common intent and purpose had been proved; (h) that it was error for the court to dwell so extensively on this idea as to unduly accentuate it, as this excerpt was nearly half of the court's charge; (i) because this excerpt was tantamount to direction of a verdict of guilty against the defendant; (j) that it was error for the court to so positively instruct the jury on the question of common intent and purpose and the subject of aiding and abetting, without further instructing the jury that such common intent and purpose and such aiding and abetting must have been voluntary on the part of the defendant, and not superinduced by fear and coercion; and (k) that under this excerpt the jury might have convicted the defendant under the charge of the court and still have believed that he was coerced by fear, and because this charge was an incomplete and incorrect statement of the law, giving only the theories of the State and none of the theories of the defendant.

1. Where three persons conspire to rob a merchant in his store, and one of the conspirators remains in an automobile in front of the store, with the engine running, in order that the three may speedily escape from the scene of the robbery, while the other two enter the store, and, in furtherance of the common design to rob, kill the merchant intended to be robbed, such killing is the proba-

ble consequence of the unlawful design to rob, and all the conspirators are guilty of murder, including the one in the automobile. It is not necessary that the crime of murder should be a part of the original design; but it is enough if it be one of the incidental probable consequences of the execution of their design, and should appear at the moment to one of the participants to be expedient for the common purpose. The intent of the actual slayer is imputable to his coconspirators. *Berryhill* v. *State,* 151 *Ga.* 416 (107 S. E. 158), and cit.; Reg. *v.* Jackson, 7 Cox C. C. 357; U. S. *v.* Ross, 1 Gall. 624 (Fed. Cas. No. 16196); Thompson *v.* State, 25 Ala. 41; Brennan *v.* People, 15 Ill. 511. The theory that the defendant acted under coercion and the influence of fears produced by the actual slayer rests solely upon his statement to the jury; and the failure of the court to charge that theory of defense, even if the same were applicable under the facts, does not require the grant of a new trial, in the absence of a timely written request. *Austin* v. *State,* 160 *Ga.* 509 (128 S. E. 791); *Lightfoot* v. *State,* 160 *Ga.* 512 (128 S. E. 743); *Jackson* v. *State,* 160 *Ga.* 565 (128 S. E. 679). The other assignments of error upon the above instruction are without merit.

2. In the 5th and 9th grounds of his motion for new trial the defendant says that the court erred in failing to give in charge to the jury the principle of law embraced in § 41 of the Penal Code, which declares that "A person committing a crime or misdemeanor under threats or menaces, which sufficiently show that his life or member was in danger, or that he had reasonable cause to believe, and did actually believe, that his life or member was in danger, shall not be found guilty." This theory of defense rests solely upon the statement of the defendant; and for this reason the court did not err in failing to charge the jury such principle, if applicable under the statement of the defendant, in the absence of a timely written request. *Austin* v. *State, Lightfoot* v. *State, Jackson* v. *State,* supra.

3. In the 6th ground of his motion for new trial the defendant complains that the court erred in failing to charge § 1031 of the Penal Code, which provides that "All admissions should be scanned with care, and confessions of guilt should be received with great caution. A confession alone, uncorroborated by other evidence, will not justify a conviction." Error is assigned upon the

failure of the court to give this instruction, upon the ground that a witness for the State testified that when he arrested the defendant the defendant wanted to know what he arrested him for, when the witness replied, "Well you know what I want you for, and nothing but the truth will help you." The court did not err in omitting to give this section in charge, in the absence of a timely written request. *Brantley* v. *State,* 154 *Ga.* 80 (3) (113 S. E. 200). Even if, under the special facts of this case, it was the duty of the court to charge upon the law of confessions, without a request to do so, the omission to do so is not cause for a new trial, it appearing that there was, without such confession, sufficient evidence to warrant the conviction. *Sellers* v. *State,* 99 *Ga.* 212 (25 S. E. 178).

4. In the 7th ground of his motion for new trial the defendant contends that the court erred in failing to charge the jury the principle embraced in section 1032 of the Penal Code, which declares: "To make a confession admissible it must have been made voluntarily, without being induced by another by the slightest hope of benefit or the remotest fear of injury." The error assigned upon the omission of the court to so charge is based upon the ground that the officer who arrested the defendant testified: "When I arrested Mr. Gore he wanted to know what I arrested him for. I told him, 'Well you know what I want you for, and nothing but the truth will help you.' And I was in the room when the other officers came in." The court did not err in omitting to give in charge to the jury, in the absence of a timely written request, the principle set out in section 1032 of the Penal Code. *Brantley* v. *State,* supra. Nor was there error in failing to charge upon the fact of the confession being induced by some hope of benefit, no request to do so, written or oral, having been made. *Malone* v. *State,* 77 *Ga.* 767 (5).

5. The following question was propounded to a witness for the State: "I will ask you to refresh your memory from that ticket, if it is necessary, and say if you saw him on the night of the 19th." In answer the witness replied: "I saw him [Gore] on the 19th of December, 1925, at 7:15 o'clock, when I had a transaction with him of checking out to him a coupé. I checked him in at 1:50 when he brought the car back." In the 8th ground of his motion for new trial the defendant says that the court erred

in admitting said testimony over his objection that the question which elicited this testimony was leading. To allow counsel to ask a witness a leading question being a matter resting in the sound discretion of the court, and there being no abuse of discretion in this case, no reason for the grant of a new trial on that ground appears. *Doster* v. *State,* 93 *Ga.* 43 (18 S. E. 997) ; *City of Rome* v. *Stewart,* 116 *Ga.* 740 (42 S. E. 1011) ; *Beaudrot* v. *State,* 126 *Ga.* 579 (55 S. E. 592).

6. In the 10th ground of his motion for new trial the defendant alleges that the court erred in failing to charge the jury, in form or substance, that if they believed the defendant had entered into a criminal conspiracy or common intent, but before the consummation of the criminal design he had repented and had sought to prevent the commission of the crime by beseeching the actual perpetrator of the murder not to kill the deceased, this abandonment of intention on the part of the defendant, if in good faith, should acquit him, or reduce the offense against him. This theory of defense arises solely from the defendant's statement; and for this reason, in the absence of a timely written request, the court did not err in not instructing the jury upon the same. *Austin* v. *State, Lightfoot* v. *State, Jackson* v. *State,* supra.

7. In the 11th ground of his motion for new trial the defendant says that the court erred in failing to give in charge to the jury section 148 of the Penal Code, which defines robbery. It is contended that this omission was error, because the court predicated his whole charge upon the theory of a common purpose and intent on the part of the defendants to commit robbery, and the presence of the defendant aiding and abetting the commission of the same, and should have instructed the jury what constituted the offense of robbery, and not have left the jury to guess upon that subject. This court has ruled that "The failure of the court to give in charge the legal definition of the term 'felony,' appearing in Penal Code § 70, which section was given in charge, was not such error as requires a new trial." *Pickens* v. *State,* 132 *Ga.* 46 (63 S. E. 783) ; *Worley* v. *State,* 136 *Ga.* 231 (71 S. E. 153) ; *Helms* v. *State,* 138 *Ga.* 826 (7) (76 S. E. 353). By parity of reasoning, the court did not err in omitting to define the term "robbery" in his charge to the jury in this case, there being no request for him so to do.

8.   In the 12th ground of his motion for new trial the defendant alleges that the court failed to charge the jury that a specific intent to murder is an essential element of the crime of murder, and that where one is charged in effect as principal in the second degree of murder, he can not be convicted unless it be shown that he not only aided in the act but participated in the murderous design.   The defendant "contends that this was error, because, after so stressing the word 'robbery,' the court should have given to the jury this law in the charge as being the law in reference to murder."   This contention is without merit, and the court correctly instructed the jury on this subject in the charge dealt with in the first paragraph above.

9.   In the 13th ground of his motion for new trial the defendant says that the court erred in that the charge as a whole gave to the jury only the contentions of the State and the law applicable thereto, and did not charge the contentions of the defendant. This exception is too general to raise any question for decision by this court.   An exception to the entire charge, on the ground stated, would not avail unless the entire charge is erroneous.   *Brassell* v. *State,* 64 *Ga.* 318; *Charlton* v. *State,* 157 *Ga.* 373 (121 S. E. 334).

10.   In his statement to the jury, the defendant contended that his participation in the robbery, which resulted in the death of the deceased, was the result of coercion and fears produced by threats made to him by his codefendant Jack Wilson, and that he did not voluntarily participate in the transaction.   In rebuttal of this contention the court admitted a statement contained in an affidavit made by the defendant that he and his codefendants had committed a robbery at the Gordon Street Pharmacy on the night of December 18, 1925.   The defendant objected to the admission of this testimony, on the ground that it was irrelevant, incompetent, and highly prejudicial.   The court overruled this objection, and on this ruling the defendant assigns error in the 14th ground of his motion for new trial.   The general rule is, that, on a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent from that for which he is on trial, even though it be a trial of the same sort, is irrelevant and inadmissible; but such testimony is admissible for the purpose of showing motive, plan, or scheme.   *Williams* v. *State,* 152 *Ga.* 498 (110

S. E. 286) ; *Fairfield* v. *State,* 155 *Ga.* 660 (3) (118 S. E. 395).
If such evidence is admissible upon the question of motive, it is
not inadmissible because it tends to establish the defendant's guilt
of a crime other than the one charged. *Frank* v. *State,* 141 *Ga.*
243 (80 S. E. 1016) ; People *v.* Place, 157 N. Y. 584, 52 N. E.
576. The evidence, the admission of which is complained of in
this ground, was admissible upon the issue whether the defendant
voluntarily engaged in the robbery which resulted in the death of
the deceased, or was threatened and coerced into engaging therein.

11. In the 16th ground of his motion for new trial the defend-
ant complains that the court erred in sentencing him to be put
to death by electrocution, as the same is cruel and unusual punish-
ment, in violation of article 1, section 1, paragraph 9, of the con-
stitution of this State, and of the eighth amendment to the con-
stitution of the United States, which declare that "Excessive bail
shall not be required, nor excessive fines imposed, nor cruel and
unusual punishments inflicted." A complaint that a sentence im-
poses upon a defendant a cruel and inhuman punishment, in viola-
tion of the above constitutional provision, can not properly be
made a ground of a motion for new trial. *Bellinger* v. *State,* 116
*Ga.* 545 (42 S. E. 747) ; *McCollum* v. *State,* 119 *Ga.* 308 (46 S.
E. 413, 100 Am. St. R. 171) ; *Truitt* v. *State,* 124 *Ga.* 657 (52 S.
E. 890). Such objection to the sentence can only be taken by a
proper timely and direct exception to the sentence.

12. The indictment in this case alleges that John Wilson,
alias Jack Wilson (sometimes referred to in the record as Mar-
tin), M. M. Gore, and T. R. Berry "did unlawfully and with
malice aforethought kill and murder one W. H. Cheek, by then
and there shooting him  .  .  with a pistol." The evidence dis-
closes that the deceased was killed by a single shot, which was
fired by Wilson, the codefendant of the accused. The accused in-
sists that the verdict finding him guilty is contrary to law, be-
cause there is a fatal variance between the allegata and probata.
Where, in a conspiracy to rob, one only of the conspirators shoots
and kills the person attempted to be robbed, but the other con-
spirators are present aiding and abetting the felonious design to
rob, and in the perpetration of such felonious design one of the
conspirators alone shoots and kills the person sought to be robbed,
the shooting is not the act of only one, but is the act of all, and

the killing is murder. *Berryhill* v. *State,* supra; *Dumas* v. *State,* 62 *Ga.* 60. It follows that there was no variance between the allegations of the indictment and the proof.

13. The evidence authorized the verdict of guilty.

*Judgment affirmed. All the Justices concur.*