## ADKINS v. THE STATE.

JENKINS, Justice. 1. A person jointly indicted with others for the crime of murder, even though the indictment charges him with being an actual perpetrator of the crime as a principal in the first degree, may be convicted, not only upon evidence showing this, but upon evidence showing either that he was actually or constructively present, "aiding and abetting the act to be done," as a principal in the second degree, or that he had agreed or conspired with the others to commit the homicide or a crime of which it was a natural result or accompaniment. Code, § 26-501; *Bradley v. State*, 128 *Ga.* 20 (2-4) (57 S. E. 237). "It is not necessary that the crime of murder should be a part of the original design; but it is enough if it be one of the incidental probable consequences of the execution of their design, and should appear at the

moment to one of the participants to be expedient for the common purpose. The intent of the actual slayer is imputable to his co-conspirators." *Gore* v. *State*, 162 *Ga.* 267, 272 (134 S. E. 36). Such a conspiracy may be proved by circumstantial as well as direct evidence. *Wortham* v. *State*, 184 *Ga.* 674, 680 (192 S. E. 720), and cit. The charge of the court was in accordance with the foregoing rules, and the grounds excepting to certain portions thereof are without merit.

2. The three other persons who have been previously tried, convicted, and executed under the joint indictment charging them together with the present defendant with the perpetration of the murder, having been, under the undisputed evidence, the actual perpetrators of the crime, and the record going merely to show that this defendant, who proved without contradiction his good reputation, took the other three defendants in his car, together with his wife, from Griffin to Jackson, Georgia, on their request, and for the stated reason that they wanted to meet some girls in Jackson, and it appearing that this defendant, upon reaching Jackson and putting out the other three defendants, drove with his wife to the home of the defendant's uncle, who lived in the country near Jackson, and that this defendant and his wife remained there during the time the crime was committed by the other defendants and until those defendants rejoined him and his wife at the uncle's home for the purpose of being carried back in this defendant's car to Griffin, and it appearing that the only other fact or circumstance which might be taken to engender a suspicion that this defendant had any sort of guilty knowledge of the criminal purpose of the other defendants was testimony by a witness that she had seen this defendant and the other defendants together on several occasions in the witness's yard in Griffin, where this defendant and his wife lived with the witness, it can not reasonably be held that from the circumstances narrated the evidence was sufficient to show that this defendant was either a principal in the second degree, or a conspirator, within the rules stated. Therefore it was error to refuse a new trial to this defendant on the general grounds. *Judgment reversed. All the Justices concur.*

No. 12685. FEBRUARY 15, 1939.

522

*A. M. Zellner* and *J. T. Moore,* for plaintiff in error.

*M. J. Yeomans, attlorney-general, Frank B. Willingham, solicitor-general, Herschel E. Smith* and *E. J. Clower,* contra.