## BARNES *v.* THE STATE.

DUCKWORTH, Justice. 1. The testimony of a number of eyewitnesses shows that the accused, without provocation, shot the deceased three times with a pistol, from which wounds the deceased died before reach- ing the hospital. This evidence makes a prima facie case of wilful murder without mitigation. The accused in his statement to the jury did not contradict this evidence in any respect, but merely stated that he had no knowledge of the facts testified to. He offered no evidence to contradict the State's witnesses as to the killing in any particular, the sole defense made being the testimony of a number of relatives and friends of the accused, which tended to show that his mind was un- sound, and this testimony was contradicted by a number of witnesses for the State who testified that the accused was sane. The verdict of guilty without a recommendation is supported by the evidence, and the general grounds of the motion for new trial are without merit.

2. The excerpt from the charge complained of in special ground 1 was in substance that the burden was upon the State to prove to the satis- faction of the jury and beyond a reasonable doubt the guilt of the ac- cused, and that the burden was upon the accused to establish his af- firmative defense of insanity. This charge was not error because as contended, it limited the defense to the question of sanity. The only

two questions made by the evidence were whether or not the accused was guilty as charged, and whether or not he was sane. These were properly presented by the charge complained of.

3. Special grounds 7 and 8 complain because the court allowed certain witnesses for the State to testify that immediately after the killing the defendant walked into the office and shot another official of the cotton mill, and went from there to the spinning room and shot another official of the mill, all transpiring within less than ten minutes; the objection being that the testimony was irrelevant, immaterial, and illustrated no issue in the case. There was no error in admitting the evidence over the objection. It was a part of the res gestæ. Code, § 38-305; *Lampkin* v. *State*, 145 *Ga.* 40 (88 S. E. 563); *Price* v. *State*, 166 *Ga.* 120 (2) (142 S. E. 666); *Worthy* v. *State*, 192 *Ga.* 620 (2) (15 S. E. 2d, 854); *Rozier* v. *State*, 197 *Ga.* 420, 425 (3) (29 S. E. 2d, 602).

4. Special grounds 2 to 6, inclusive, complain of rulings disallowing named defense witnesses to testify to conversations had with the defendant, wherein he related to them various grievances which he had as an employee against the cotton mill of which the deceased was an official, having to do with wages and hours, and how the defendant said these grievances affected himself. The evidence was offered for the purpose of showing delusional insanity. Counsel for the accused stated to the court that he did not know whether the alleged grievances were true or not. The testimony was clearly inadmissible for the purpose for which it was offered or for any other purpose, and the court did not err in excluding it. *Bohler* v. *Hicks*, 120 *Ga.* 800 (48 S. E. 306); *Mars* v. *State*, 163 *Ga.* 43 (6) (135 S. E. 410); *Barker* v. *State*, 188 *Ga.* 332 (4 S. E. 2d, 31).

*Judgment affirmed. All the Justices concur.*

No. 15358. JANUARY 8, 1946. REHEARING DENIED FEBRUARY 21, 1946.

404

*W. V. Rigsby* and *R. D. Smith,* for plaintiff in error.

*Eugene Cook, Attorney-General, Harvey L. Jay, Solicitor-General, Victor Davidson, Assistant Attorney-General,* and *Mc-Donald & McDonald,* contra.