HILL *v.* THE STATE.

No. 15527.  SEPTEMBER 7, 1946.

*Herbert W. Wilson* and *Harry M. Wilson,* for plaintiff in error.

*Eugene Cook, Attorney-General, John W. Bennett, Solicitor-General, Roscoe Thompson, Assistant Attorney-General,* and *Rubye G. Jackson,* contra.

BELL, Chief Justice. ▇ Special grounds 1 and 7 of the motion for a new trial present substantially the same question and will be considered together. Ground 1 complained because the solicitor-general in opening the case to the jury stated that he expected to show that one or both of the defendants had "relations with this poor old white woman." On objection by counsel for the defendant Jones that no such crime was charged in the indictment, the solicitor-general stated to the court that it was part of the res gestæ, and that he would limit the evidence to identication of the defendants. The court stated that he would "let it go in for that purpose." Ground 7 complained because the court admitted evidence as to the condition and position of the body of the deceased, and tending to show that she had been raped. The evidence was objected to by counsel for Willie Jones on the ground that this was a separate and distinct crime, not alleged in the indictment.

While the general rule is that evidence of other and separate crimes is inadmissible, there are well-recognized exceptions to this rule. In *Hill* v. *State,* 161 *Ga.* 188 (2) (129 S. E. 647), a witness testified, "He made me lie down, with the pistol, and had intercourse with me." This was admitted over the objection that the defendant was on trial for murder and not for rape. This court held: "The testimony admitted over the objection that the accused was on trial for murder, and not rape, was a part of the res gestæ. It tended to show motive on the part of the ravisher in committing the murder, and his identity; and being material and relevant for such purposes, it was admissible on the trial for murder, notwithstanding it related to the other offense of rape." In *Bradberry* v. *State,* 170 *Ga.* 859 (2, 3) (154 S. E. 344), it was held: "Generally, on a prosecution for a particular crime, evidence of another and distinct crime wholly independent from that for which one is on trial is inadmissible; but there are exceptions to this rule. One is, if the separate crime was committed as a part of the same trans-

action as that for which the accused is being tried, and forms a part of the res gestæ. In the circumstances stated in the previous headnote, it was not error to admit evidence as to the condition of the body of Frances Elder (the wife of the deceased), for the alleged reason that it threw no light on the killing of Doc Elder, for whose murder the accused was being tried, and that such evidence caused a violent prejudice in the minds of the jury against the accused, which prevented them from recommending a life sentence for the accused."

Grounds 1 and 7 were without merit. See also *Lampkin* v. *State,* 145 *Ga.* 40 (1) (88 S. E. 563) ; *Williams* v. *State,* 152 *Ga.* 498 (1), 521 (110 S. E. 286) ; *Reed* v. *State,* 197 *Ga.* 418 (6) (29 S. E. 2d, 505) ; *Hayes* v. *State,* 199 *Ga.* 251 (34 S. E. 2d, 97) ; *Barnes* v. *State,* 200 *Ga.* 402 (37 S. E. 2d, 141).

■ Special ground 2 assigns error on the admission of testimony as to statements made by the defendant Hill, shortly after the arrest, over the objection that these statements had been reduced to writing, and that the writing was the best evidence. There was no error in overruling this objection. In *Cooper* v. *State,* 180 *Ga.* 612 (1) (180 S. E. 103), this court held, "Where the accused made oral statements and a written statement tending to incriminate him, it was not error to admit evidence of an oral statement over objection that the oral statements were merged in the writing, and that the latter constituted the best evidence." To the same effect, see *Lowe* v. *State,* 125 *Ga.* 55, 56, 57 (53 S. E. 1038) ; *Douberly* v. *State,* 184 *Ga.* 577 (1) (192 S. E. 226).

■ In special ground 3, it is alleged that the court erred in overruling an objection of counsel for Willie Jones to the following testimony of W. A. Jones, a witness for the State: "He [J. C. Hill] said he searched for some money in the room. Later he stated that he got some money out of some of the pocketbooks and some small purses and that he ran out of the house—and that the police car—a car—came up to the side of the house; that he ran out and when he was on top of the fence someone shot at him, and he went off down through the woods and back around that way; and that he had lost some papers that he had taken from this pocketbook. He said he had lost them while he was running after he got over the gate."

The witness further testified that he had stated to the defendant:

"I am not offering you any reward. I am not—what I want to do is to try and protect you and see that you get a fair and square deal."

The only "objection" to the testimony regarding the defendant's statement was: "If the court please, I ask that it be ruled out," although in the motion for new trial it is urged that the statements were not freely and voluntarily made.

There is no merit in this ground of the motion. A mere request that evidence be ruled out, without stating any reason, does not amount to an objection; nor can it be aided by alleging in a motion for a new trial that the evidence was incompetent for stated reasons. *Henslee* v. *Harper,* 148 *Ga.* 621 (1) (97 S. E. 667); *Jenkins* v. *Jenkins,* 150 *Ga.* 77 (1) (102 S. E. 425).

Moreover, even if the statement of the witness to the accused, as quoted supra, actually amounted to offering a reward, despite its express negation (compare *Watkins* v. *State,* 199 *Ga.* 81 (2), 33 S. E. 2d, 325; *Hicks* v. *State,* 178 *Ga.* 561 (1), 173 S. E. 395; *McLemore* v. *State,* 181 *Ga.* 462, 182 S. E. 618, 102 A. L. R. 634; *Wilson* v. *State,* 19 *Ga. App.* 759 (4), 92 S. E. 309), a new trial still should not be granted on this ground, since it appears that the defendant made substantially the same statement to the jury that he had made to the witness, except that his statement to the jury was even more inculpatory as related to the crime for which he was being tried.

■ Special ground 4 recites that the judge charged the jury on presumption of innocence, reasonable doubt, and circumstantial evidence. It is contended that, in connection with his charge on circumstantial evidence, he should also have told the jury that the charges which he had just given to them on the other subjects were erroneous and were withdrawn from their consideration, and that the charge which he was then giving, to wit, on circumstantial evidence, was the correct charge of the court. It is insisted that, since the instant case depended solely on circumstantial evidence, the instructions on presumption of innocence and reasonable doubt were confusing and misleading to the jury, and that only the rule as to circumstantial evidence should have been charged.

There is no merit in this contention. It would have been erroneous to fail to charge on presumption of innocence. *Thurman* v. *State,* 14 *Ga. App.* 543 (6) (81 S. E. 796). Also, in *Hamilton* v.

306

*State,* 96 *Ga.* 301 (22 S. E. 528), it was held that the trial judge should charge on reasonable doubt, even though the case is one depending entirely on circumstantial evidence. See also *McNaughton* v. *State,* 136 *Ga.* 600, 614 (3) (71 S. E. 1038); *Cain* v. *State,* 41 *Ga. App.* 333, 337 (153 S. E. 79). We do not hold that the conviction in this case depended entirely on circumstantial evidence, as insisted. Regardless of that question, ground 4 does not show error.

■ In special grounds 5 and 6, charges stating general rules on conspiracy are criticised because the court did not go further and state to the jury that, if they believed the defendant formed a conspiracy with the other defendant to commit the offense of robbery, but not murder, then he, the defendant, would not be guilty unless he committed the crime of murder himself or unless he aided or abetted the other in committing it. There is no contention that the charges on conspiracy were incorrect statements of law, or that they were not properly adjusted to the evidence. In *Gore* v. *State,* 162 *Ga.* 267 (1), 271, 272 (134 S. E. 36), this court held: "Where three persons conspire to rob a merchant in his store, and one of the conspirators remains in an automobile in front of the store, with the engine running, in order that the three may speedily escape from the scene of the robbery, while the other two enter the store, and, in furtherance of the common design to rob, kill the merchant intended to be robbed, such killing is the probable consequence of the unlawful design to rob, and all the conspirators are guilty of murder, including the one in the automobile. It is not necessary that the crime of murder should be a part of the original design; but it is enough if it be one of the incidental probable consequences of the execution of their design, and should appear at the moment to one of the participants to be expedient for the common purpose. The intent of the actual slayer is imputable to his coconspirators." In *Jenkins* v. *State,* 190 *Ga.* 556 (1) (9 S. E. 2d, 909), this court held: "All of the participants in a plan to rob are criminally responsible for the acts of each, committed in the execution of the plan, and which may be said to be a probable consequence of the unlawful design, even though the particular act may not have actually been a part of the plan." See also *Berryhill* v. *State,* 151 *Ga.* 416 (1) (107 S. E. 158); *Lumpkin* v. *State,* 176 *Ga.* 446, 449 (1) (168 S. E. 241); *Compton* v. *State,* 179 *Ga.* 560 (3), 563

(176 S. E. 764) ; *Simmons* v. *State,* 181 *Ga.* 761 (1), 762 (184 S. E. 291) ; *Adkins* v. *State,* 187 *Ga.* 519 (1) (1 S. E. 2d, 420) ; *Daniels* v. *State,* 58 *Ga. App.* 599 (9) (199 S. E. 572). Grounds 5 and 6 are without merit.

■ Special ground 8 alleges that the court erred in admitting in evidence three photographs of the dwelling house of the deceased, over the objection of counsel for the defendant Jones that they were not properly identified, that the photographer who took the pictures should have been introduced to identify them, and that no foundation was laid for their introduction. Witnesses testified that the photographs were true and correct representations of the actual scene, and of a door and window. In *Evans* v. *State,* 70 *Ga. App.* 500 (1) (28 S. E. 2d, 671), it was held: "The undisputed evidence was that the photographs introduced in evidence were true and correct, and showed the condition of the room as it was at the time of the homicide, and it was not error to admit them in evidence over the objection that 'it was a conclusion of the witness as to whether the pictures were true and correct,' the witness having testified that she was familiar with the scene of the homicide and was present before, at the time of, and after the killing. Nor was it a good ground of objection that 'there was no proof here from anybody who took those photographs.'" Compare *Rose* v. *State,* 184 *Ga.* 451 (1), 452 (191 S. E. 426). There is no merit in ground 8.

■ Special ground 9 of the motion for a new trial is expressly abandoned. Under the general grounds, it is insisted that the evidence showed that the deceased was actually killed by the defendant Jones, in the perpetration of the crime of rape, and that such crime of rape was not within the scope of the original conspiracy to commit the offense of robbery or burglary. It is thus argued that, since the defendant Jones stepped aside from the common agreement and design, the defendant Hill, though a party to that conspiracy, would not be guilty of such independent crime of rape, when, as contended, he was in no way connected with the latter offense; and so, it is insisted, he was not guilty of murder.

Whether, as applied to such a state of facts, the legal contention urged would be sound or unsound, we do not think it can be said as a matter of law, under the record, that the defendant Hill was in no way connected with the offense of rape. As we view the case,

the jury were authorized to find that, if he was not an actual perpetrator of that offense, he yet aided and abetted Jones in committing it, and this would bring the case within the principle stated in the 5th division, supra, as to the offense of murder. See also Code, § 26-1009; 26 Am. Jur. 286, § 195; 40 C. J. S. 868, § 21; State v. Deschamps, 42 La. Ann. 567 (7 So. 703, 21 Am. St. R. 392); State v. Cross, 72 Conn. 722, 729 (46 Atl. 148); Commonwealth v. Gricus, 317 Mass. 403 (58 N. E. 2d, 241).

The defendant made a statement to the court and jury on the trial, which has been quoted in full, supra. He stated, among other things, that he actually took part in breaking and entering the dwelling house, that he looked for money in the house, but did not find any; that he then left the house for a time, but later came back and "went in there where he [Jones] was, and when I got in there he was on top of this old lady; and I looked in the room and he told me to cut off the light, and I cut off the light and come back out." He further stated that he walked around the house a couple of times, after which he went again into the house, and "after I went back in the house I heard someone come on the porch, and I took out and run out of . . the back window."

Under this statement, the jury were authorized to find that the defendant Hill was not merely present, but that he actually aided Jones in committing the offense of rape, by cutting off the light as Jones told him to do, and also by keeping watch or guard at a convenient distance. Accordingly, the evidence and the defendant's statement considered together authorized the verdict finding the defendant guilty of murder. Code, § 26-501; *Futch* v. *State,* 137 *Ga.* 75 (3) (72 S. E. 911); *Fudge* v. *State,* 148 *Ga.* 149 (2) (95 S. E. 980); *Bruno* v. *State,* 189 *Ga.* 74 (3) (5 S. E. 2d, 376); *White* v. *State,* 18 *Ga. App.* 214 (2) (89 S. E. 175). See also, in this connection, article entitled "The Law of Homicide" (Perkins), in Journal of Criminal Law and Criminology of Northwestern University, Vol. 36, pp. 392, 401-405.

In the foregoing opinion, we have merely assumed that, as a matter of practice, the defendant Hill could insist upon all points made in his motion for a new trial, even though some of them, as shown above, were based upon objections made solely by counsel for his codefendant, for, in any view of that question, there was no error in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*