## 26651. SIMS v. SMITH.

HAWES, Justice. This is a habeas corpus case. The appeal here is from a judgment refusing to discharge the applicant from custody and remanding him to the custody of the warden. Appellant contended in the trial court and contends in this court that there were "illegal procedures inflicted upon him" during his arrest, trial and conviction; that he was denied adequate and effective representation of counsel; that his constitutional rights were violated on the trial of the case in that he was not confronted by the witnesses against him or furnished with a copy of the indictment, list of witnesses, etc.; that on the trial he was charged with two crimes, to wit, murder and attempted armed robbery, and the trial judge illegally charged the jury with respect to both crimes at the same time, and that he was denied the right to be present in court on the hearing of his motion for a new trial. Appellant represented himself in the superior court upon the hearing on his application for habeas corpus and represents himself before this court. On the trial of the main case, he was represented by appointed counsel.

Upon the trial of an application for a writ of habeas corpus,

the trial judge who is the trior of both the law and the facts must decide at least two issues: first, whether the applicant's contentions are factually true; and, second, if they are true, whether such facts constitute legal grounds for discharging the prisoner. The burden is on the applicant to make out his case, that is, to prove to the satisfaction of the habeas corpus judge that the alleged violation of his constitutional rights did, in fact, occur. *Gay v. Balkcom,* 219 Ga. 554 (134 SE2d 600); *Broome v. Matthews,* 223 Ga. 92 (153 SE2d 721); *Sharpe v. Smith,* 225 Ga. 52 (165 SE2d 656). With respect to the first four contentions of the applicant outlined above, it is sufficient to say, without detailing the evidence, that he wholly failed to introduce any evidence in proof of those contentions. With respect to the fifth contention, the record is not clear as to whether there had been a hearing on his motion for a new trial at the time of the hearing on the habeas corpus case, but even if there had been, there is no law or constitutional principle which guarantees to a prisoner the right to be present in court upon the hearing of his motion for a new trial. There is no merit in this appeal.

*Judgment affirmed. All the Justices concur.*
SUBMITTED SEPTEMBER 13, 1971—DECIDED OCTOBER 7, 1971.

Ronnie Lee Sims, *pro se.*

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Mathew Robins, Assistant Attorneys General,* for appellee.