29609. BURKE v. THE STATE.

PER CURIAM.

This is an appeal from convictions on two counts of aggravated assault, two counts of armed robbery, and one count of murder "with malice aforethought." Appellant was sentenced to life on the murder charge, ten years on each of the armed robbery charges, and one year on each of the aggravated assault charges, all to run concurrently.

On December 14, 1973, three men, appellant and two friends, drove to a small grocery store in Walker County. Appellant entered the store, asked the proprietor for a gas can, and then went outside to get the can. Appellant's friends entered the store, one carrying a sawed-off shotgun. The friends took money from the cash register, fatally wounded the proprietor, threatened and took money and other items from a customer, struck the customer with a shotgun, and fired the gun at a milk deliveryman who happened upon the scene. Appellant remained outside the store during these events, but the three men left the scene together and shared the stolen money. The transcript includes a fully corroborated in-custody statement from appellant, not challenged on appeal, which supports a finding that all the crimes charged occurred in the execution of an agreement to commit armed robbery.

1. The appellant argues the general grounds with respect to all five convictions. He argues especially that there is no evidence in the record to support his conviction for murder "with malice aforethought." He contends that, even viewing the evidence favorably to the state, it supports only a charge of murder in the commission of a felony pursuant to Code Ann. § 26-1101 (b) (Ga. L. 1968,

pp. 1249, 1276).

2. "A person commits murder when he unlawfully and with malice aforethought, either express or implied, causes the death of another human being." Code Ann. § 26-1101 (a) (Ga. L. 1968, pp. 1249, 1276). The evidence here supports a finding that the appellant's co-conspirator committed murder with malice aforethought. The appellant is equally guilty of murder with malice aforethought under the following principle of law.

"Where two or more persons conspire to rob another who is employed in a building, and one of the conspirators keeps watch or guard at a convenient distance while the others enter the building and, in furtherance of the common design to rob, kill the person intended to be robbed, such killing is a probable consequence of the unlawful design to rob, and all the conspirators are guilty of murder, including the one on guard." *Berryhill v. State,* 151 Ga. 416 (107 SE 158). ". . . It is not necessary that the crime of murder should be a part of the original design; but it is enough if it be one of the incidental probable consequences of the execution of their design, and should appear at the moment to one of the participants to be expedient for the common purpose. The intent of the actual slayer is imputable to his coconspirators." *Gore v. State,* 162 Ga. 267 (1a) (134 SE 36). This has been the law of this state for many years. *Callahan v. State,* 209 Ga. 211 (6) (71 SE2d 86); *Pressley v. State,* 207 Ga. 274, 282 (61 SE2d 113); *Hill v. State,* 201 Ga. 300, 306 (39 SE2d 675); *Kalb v. State,* 195 Ga. 544, 555 (25 SE2d 24); *Burns v. State,* 188 Ga. 22, 26 (2 SE2d 627); *Thompson v. State,* 166 Ga. 758, 775 (6) (144 SE 301); *Coggeshall v. State,* 161 Ga. 259, 264 (3) (131 SE 57). As stated in *McClung v. State,* 206 Ga. 421, 424 (57 SE2d 559): "[it] is not necessary that the crime of murder should be a part of the original design; but it is enough that it be one of the incidental and probable consequences of the execution of the design of the parties, and should appear at the moment to one of the participants to be expedient to the common purpose. In such case, the intent and act of the slayer is imputable to the other party, though he be merely present and he himself does not inflict the mortal wound. *Gore v. State,* 162 Ga. 267 (1a) (134 SE 36). Where one is present at the

time of the homicide, the question whether or not the defendant participated in the felonious design of the person killing is one to be determined by the jury from all the facts and circumstances of the case." This comports with the general law. "It has been said that a criminal conspiracy is a partnership in crime, and that there is in each conspiracy a joint or mutual agency for the prosecution of a common plan. Thus, if two or more persons enter into a conspiracy, any act done by any of them pursuant to the agreement is, in contemplation of law, the act of each of them and they are jointly responsible therefor. This means that everything said, written, or done by any of the conspirators in execution or furtherance of the common purpose is deemed to have been said, done, or written by each of them. . . And this joint responsibility extends not only to what is done by any of the conspirators pursuant to the original agreement but also to collateral acts incident to and growing out of the original purpose." 16 AmJur2d 134, § 14.

The evidence in the instant case supports a finding that the appellant was guilty of murder "with malice aforethought." He was part of the conspiracy to commit armed robbery. The murder was a probable consequence of the armed robbery. Therefore he is equally responsible for the murder although he was not the actual slayer and was not present at the time of the killing. The result would be no different if we agreed with appellant that the evidence supports only a charge of murder in the commission of a felony pursuant to Code Ann. § 26-1101 (b). Felony murder involves a nonintentional killing committed in the prosecution of a felony. It is still murder and is subject to the same penalties as "malice murder." The only difference is the absence of intent and malice. Under the indictment and facts here "felony murder" was an included offense as a matter of fact. *Edwards v. State,* 233 Ga. 625 (212 SE2d 802). "An accused may be convicted of a crime included in a crime charged in the indictment, information, or accusation. A crime is so included when: (a) It is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime

charged. . ." Code Ann. § 26-505 (a) (Ga. L. 1968, pp. 1249, 1267). "He may not, however, be convicted of more than one crime if (1) one crime is included in the cther . . ." Code Ann. § 26-506 (a) (Ga. L. 1968, pp. 1249, 1267).

3. Applying the foregoing statutes to the instant case the defendant's conviction of the armed robbery of the murder victim must be vacated. His conviction of malice murder is supported because he was a conspirator in the armed robbery and the murder was a probable consequence of that armed robbery. The malice and intent of the actual slayer is imputed to the defendant because of his participation in the armed robbery as a conspirator. Therefore proof of the armed robbery is essential to support his conviction of malice murder and is an included offense. The armed robbery and aggravated assault of the customer and aggravated assault upon the deliveryman are separate crimes against other persons and are supported by additional facts not essential to the murder conviction. They also are the probable consequences of the original conspiracy to commit armed robbery. Accordingly, we affirm the convictions of murder, armed robbery of the customer, and the two aggravated assaults. We vacate the armed robbery conviction of the murder victim.

*Woods v. State,* 233 Ga. 495, 500 (212 SE2d 322) does not require a different conclusion. The issue there was "inconsistent verdicts." The appellant had been acquitted of murder but convicted of armed robbery. The verdicts were not inconsistent under the rationale of *Woods* as applied to the particular facts of that case. Similarly the verdicts would not have been inconsistent under the law of included crimes. "An accused may be convicted of a crime included in a crime charged in the indictment. . ." Code Ann. § 26-505. "He may not, however, be convicted of more than one crime if (1) one crime is included in the other. . ." Code Ann. § 26-506. *Fallings v. State,* 232 Ga. 798, 799 (3) (209 SE2d 151). Under these cases, there is no problem of inconsistent verdicts in murder and other felony prosecutions. The problem that usually arises is, as in the case at bar, whether one crime is included in another so as to require one conviction to be vacated.

4. The 1968 Criminal Code § 26-801 (a) (Ga. L. 1968,

pp. 1249, 1271) does not alter the principle that conspirators are responsible for the probable consequences of the execution of their design. A careful reading of the committee notes will show that Code Ann. § 26-801 merely eliminated the former designation of principals in the first degree, principals in the second degree, and accessories before the fact. It grouped them together as "parties to the crime." It discarded old common law designations which have little significance under modern procedure. "Under many statutes, the distinction between principals of the first and second degree is not of much practical importance, and in some instances is entirely abolished. The statutes in varying terms make all persons who are present and concerned in the commission of a crime guilty as principals." 21 AmJur2d 198, § 121. In our opinion that was the purpose of Code Ann. § 26-801. It did not alter the responsibility of parties to a crime. As stated in *Scott v. State,* 229 Ga. 541, 544 (192 SE2d 367), "Section 26-801 of the Criminal Code of Georgia defines parties to a crime and provides that every person concerned in the commission of a crime is a party thereto and may be charged and convicted of the commission of the crime. Insofar as is material to this case, that section provides that a person is concerned in the commission of a crime if he intentionally aids or abets in the commission of the crime, or advises, encourages, hires, counsels or procures another to commit the crime. While this Code section does not use the word 'conspiracy' it is plain that it embodies the theory of conspiracy insofar as it renders one not directly involved in the commission of a crime responsible as a party thereto."

5. Appellant complains that after he had been confined without bail and without indictment for more than ninety days, he made application for bail which was denied. He argues that the failure to grant bail at that time violated Code Ann. § 27-701.1 (Ga. L. 1973, pp. 291, 292), and that because of this violation a new trial should be granted. This statutory provision, enacted in 1973, provides: "Any person who is arrested for a crime and who is refused bail, shall, within the 90 days after the date of confinement, be entitled to have the charge or accusation

against him heard by a grand jury having jurisdiction over the defendant. In the event no grand jury considers the charges against the accused person within the 90-day period of confinement, the accused shall have the bail set upon application to the court."

In denying bail the trial judge relied on Code Ann. § 27-901 (as amended, Ga. L. 1973, p. 454), which states in part: "The offenses of rape, armed robbery, aircraft hijacking, treason, murder, and perjury, and offenses of giving, selling, offering for sale, bartering, or exchanging of any narcotic drug are bailable only before a judge of the superior court; and this is, in every case, a matter of sound discretion."

The state argues that the ninety day provision of § 27-701.1 is not applicable to the crimes enumerated in § 27-901, and that as to those enumerated crimes, the matter of granting bail is still in the discretion of the trial judge. We hold that § 27-901 is applicable to the first ninety days of confinement, and that § 27-701.1 is applicable to all crimes after ninety days of confinement. After ninety days of confinement without bail and without indictment, the mandate of § 27-701.1 is that bail must be set by the trial judge.

However, the failure to set such bail, as in this case, does not require a reversal of the convictions on the indictments returned after the ninety day period. Upon refusal of bail by the trial court after ninety days of confinement without indictment, the proper procedure is to make application to the proper appellate court for bail pursuant to § 27-701.1. Had the appellant done that in this case, this court would have ordered the trial court to either grant bail or proceed with indictment immediately.

6. The appellant has enumerated various other errors. It is sufficient here to say that we have examined them and find them to be without merit.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

SUBMITTED JANUARY 17, 1975 — DECIDED JUNE 2, 1975.

*William Ralph Hill, Jr., W. Benjamin Ballenger,* for

appellant.

Earl B. Self, District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Deputy Assistant Attorney General, for appellee.

HILL, Justice, concurring.

At the outset it is important to remember that this accomplice ("lookout") was indicted and found guilty of murder with malice aforethought and armed robbery of the murder victim, among other crimes.

The primary significance of this decision, which has been discussed and considered by the court to a point beyond exhaustion, is that under the revised Criminal Code a "lookout" who conspired to commit armed robbery can, by virtue of imputed intent, be convicted of murder with malice aforethought committed by a confederate, but that the armed robbery *of the murder victim* is a lesser crime included in the murder with malice aforethought under the facts here and the conviction for that armed robbery cannot stand in this case. However, the convictions of armed robbery and aggravated assault against persons other than the murder victim are separate crimes, having been committed against other persons (notwithstanding the fact that intent as to these other crimes is imputed to this conspirator from the conspiracy to commit armed robbery). *Kramer v. Hopper,* 234 Ga. 395.

In reaching these conclusions, the court necessarily has considered prior decisions, which prior decisions warrant exposition. Those decisions, as I see them, are as follows:

1. Each case of armed robbery/murder involving more than one perpetrator must be considered on its own facts. Was the conspiracy one to commit armed robbery, or was it to commit murder, or to commit both?

2. Armed robbery is a felony (Code Ann. § 26-1902), and is an included crime under felony murder (Code Ann. § 26-1101 (b)), because proof of the felony is essential to prove the felony murder; i.e., proof of felony murder is established in part by proof of the felony (Code Ann. § 26-505 (a)). Thus, where a person is convicted of felony murder and the underlying armed robbery, the armed

robbery, being an included crime, must be set aside (Code Ann. § 26-506 (a)). Such armed robbery is an included crime under felony murder both as to the actual slayer (*Atkins v. Hopper,* 234 Ga. 330), and as to the conspirator (*Fallings v. State,* 232 Ga. 798 (209 SE2d 151)).

3. In this case, where the proof of the conspiracy to rob the murder victim was essential to impute malice in murder aforethought to the conspirator, the armed robbery is included in the murder with malice aforethought. Hence, the conviction for armed robbery must be set aside in this case.

4. However, as for the man who shot the proprietor in this case, he has committed two separate crimes, murder with malice and armed robbery, because proof of the conspiracy was not essential to impute malice to him. See *Gregg v. State,* 233 Ga. 117 (b) (210 SE2d 659); *Floyd v. State,* 233 Ga. 280 (6) (210 SE2d 810).

5. On the other hand, if the man who shot the proprietor had been indicted for felony murder, or if the court charged the jury on felony murder at his trial, then the armed robbery would be an included crime with felony murder and would be set aside. *Atkins v. Hopper,* supra.

This legal reasoning is appealing because of its logic; it is appalling because of its potential for confusion.

However, notwithstanding this potential for confusion, I am reluctantly persuaded that the result reached is correct under the revised Criminal Code. See *State v. Estevez,* 232 Ga. 316 (206 SE2d 475), construing Code Ann. §§ 26-505, 26-506. *Estevez* led to *Fallings v. State,* supra. Therefore, I concur in this decision.

My personal feeling is that where a man robs someone and kills him, he should be punished separately for the murder (I care not which kind) and the armed robbery, and his accomplice should be subject to punishment for each and every crime committed by his conspirator. Notwithstanding my personal feeling, my understanding of the new Criminal Code is that the General Assembly has decided otherwise.