## 32376. HAWES v. THE STATE.

JORDAN, Justice.

Appellant, Eddie Maurice Hawes, was indicted along with two co-defendants for murder, armed robbery, aggravated assault and possession of a firearm while in commission of a felony arising from the robbery of a grocery store during which a sixteen-year-old clerk was shot and killed. The assistant manager was the alleged victim of the assault. The possession of a firearm charge was dismissed as a lesser included offense. Hawes was convicted on the three remaining charges and sentenced to ten years on the aggravated assault, life for the murder and life for the armed robbery with these sentences running consecutively.

1. Appellant appeals the trial court's denial of his motion for a directed verdict on the charges of aggravated assault and armed robbery on the grounds that these charges are merged as included crimes within his conviction of murder. Code Ann. § 26-506 (a). Appellant bases this contention on Burke v. State, 234 Ga. 512 (216 SE2d 812) (1975), where this court vacated a conviction of armed robbery where the proof of the armed robbery had been essential to support the defendant's conviction of malice murder and was, therefore, an included offense.

Each case of armed robbery/murder involving more than one perpetrator must be considered on its own facts.[1] Was there a conspiracy limited to the armed robbery with the murder becoming an incidental and probable conse-

---

[1] Justice Hill, concurring opinion, Burke v. State, 234 Ga. 512 (216 SE2d 812) (1975).

quence of that design? If the evidence shows merely that the murder arose out of the armed robbery without showing that the defendant was also a party to the murder as well as the armed robbery, then clearly the armed robbery becomes merged as a lesser included offense of the murder.

The question of whether or not a defendant participated in the felonious design of the person killing is one to be determined by the jury from all the facts and circumstances of the case. *McClung v. State,* 206 Ga. 421 (57 SE2d 559) (1950). In this case the jury had evidence that when the clerk was shot at point blank range in the presence of Hawes, the robbery had not yet occurred. It was only after the clerk had been fatally wounded that Hawes removed a money bag from below the store's cash register. A second shot was then fired. This evidence negates any effort on the part of Hawes to "abandon ship" after the clerk was shot and is sufficient to support a jury verdict that he was part of a common design to commit both murder and armed robbery.

2. The indictment alleged an aggravated assault against the assistant manager and was therefore not merged as a lesser included offense in the conviction for murder of the clerk. However, the record is completely void of any evidence to support the conviction for assault upon the assistant manager. There is no evidence, circumstantial or otherwise, to authorize a conclusion by the jury that the second shot was fired at or in the direction of the assistant manager. The conviction for aggravated assault must therefore be vacated.

3. Appellant also contends that his armed robbery conviction must be set aside because the jury did not specify upon which theory, either malice murder or felony murder, they based their guilty murder verdict. Under a charge which authorizes a conviction of either malice murder or felony murder and the returned verdict is simply "guilty," the defendant must be given the benefit of the doubt, and the supporting felony will be vacated as a lesser included offense. *Reed v. State,* 238 Ga. 457 (233 SE2d 369) (1977).

The trial court's charge in this case did give the definitions of both malice murder and felony murder as found in Code Ann. § 26-1101 (a) and (b). However, the

trial judge clarified these instructions when he continued his charge as follows: "Now before you would be authorized to find the defendant guilty of the offense of murder, you must find and believe beyond a reasonable doubt, that the defendant did, with malice aforethought, either express or implied, cause the death of..."

Armed robbery is not a lesser included offense of the offense of malice murder. *Barrow v. State,* 235 Ga. 635 (221 SE2d 416) (1975). Appellant was indicted for malice murder, and the above quoted charge clearly limited the jury to a verdict of malice murder if there was to be a verdict for murder at all. Under these facts the mere definition of felony murder in the charge was not error, and the conviction for both murder and armed robbery is affirmed.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

SUBMITTED JUNE 3, 1977 — DECIDED SEPTEMBER 8, 1977.

*M. Dale English,* for appellant.
*Vickers Neugent, District Attorney, Arthur K. Bolton, Attorney General,* for appellee.