## 33487. STEPHENS v. HOPPER.

PER CURIAM.

The appellant, Alpha Otis O'Daniel Stephens, was convicted of murder in the Superior Court of Bleckley County in January of 1975 and sentenced to death. The conviction and sentence were affirmed in *Stephens v. State,* 237 Ga. 259 (227 SE2d 261) (1976). In April of 1977, he filed a petition for writ of habeas corpus in the Tattnall Superior Court attacking his death sentence on various constitutional and statutory grounds. The Tattnall Superior Court denied his petition for habeas relief. We granted his application to appeal.

A brief review of the facts and circumstances surrounding the appellant's conviction of murder and sentence to death is necessary to an understanding of

the arguments made in his habeas corpus petition.

In August of 1974, the appellant was serving concurrent three-year sentences under multiple convictions for burglaries committed by the appellant in April of 1973. He was being held in the Houston County jail, from which he escaped on August 19th. Before being apprehended on August 22nd, the appellant, in addition to committing a prior armed robbery and burglary, broke into the home of Charles Asbell in Twiggs County and proceeded to burglarize it. As the burglary was under way, Roy Asbell, Charles Asbell's father, drove up. The appellant approached Asbell with a pistol and forced him out of the car. He hit Asbell in the face several times and took several hundred dollars from him. The appellant then hit Asbell with the pistol and forced him back into the car. He drove Asbell approximately three miles, across the county line into Bleckley County, and killed him there by shooting him twice in the head.

In October of 1974, the appellant pleaded guilty in the Superior Court of Twiggs County to an indictment accusing him of committing an armed robbery and a murder in May of 1973. He also pleaded guilty to indictments accusing him of the following offenses arising from the criminal episode at the Asbell residence: one count of burglary, one count of motor vehicle theft, one count of armed robbery, and one count of kidnapping with bodily injury. The count of the indictment charging him with kidnapping with bodily injury alleged that the appellant, "did unlawfully and with force and arms abduct and steal away Roy Asbell, a person, without lawful authority, and held Roy Asbell against his will and did physically abuse and did inflict and cause bodily injury to the body of Roy Asbell by beating, hitting and kicking Roy Asbell *and did threaten to kill Roy Asbell and then did kill Roy Asbell by shooting Roy Asbell . . .*" (Emphasis supplied.)

The appellant pleaded guilty to the kidnapping-with-bodily-injury indictment in Twiggs County, and he was given a sentence of life imprisonment. He was then placed on trial for the murder of Roy Asbell in Bleckley County. The jury imposed the death penalty, finding as statutory aggravating circumstances: (1) that

the offense of murder was committed by a person with a prior record of conviction of a capital felony, Code Ann. § 27-2534.1 (b) (1); (2) that the murder was committed by a person who has a substantial history of serious assaultive criminal convictions, Code Ann. § 27-2534.1 (b) (1), supra; and, (3) that the offense of murder was committed by a person who had escaped from the lawful custody of a peace officer or a place of lawful confinement, Code Ann. § 27-2534.1 (b) (9). Although noting that in *Arnold v. State,* 236 Ga. 534 (7) (224 SE2d 386) (1976) that portion of Code Ann. § 27-2534.1 (b) (1) which authorizes the death penalty where a murder is committed by a person who has a substantial history of serious assaultive convictions had been struck down as unconstitutionally vague, this court affirmed the appellant's death sentence in *Stephens v. State,* supra, as the evidence supported the jury's finding of other statutory aggravating circumstances.

1. In the first enumeration of error, the appellant argues that in view of the allegations of homicide in the Twiggs County kidnapping-with-bodily-injury indictment, it became necessary for the state to prove that the kidnap victim was killed; therefore, so this argument proceeds, the appellant's subsequent trial, conviction, and sentence for murder in Bleckley County were barred by state and federal constitutional guarantees ensuring due process and prohibiting double jeopardy.

Both the substantive and procedural aspects of this double jeopardy argument are controlled adversely to the appellant by our recent decision in *Potts v. State,* 241 Ga. 67 (11) (243 SE2d 510) (1978).

The starting point for an analysis for any double jeopardy question in this state must begin with Code Ann. §§ 26-505 through 26-507 (Ga. L. 1968, pp. 1249, 1267) and the seminal decision interpreting these statutory provisions, *State v. Estevez,* 232 Ga. 316 (206 SE2d 475) (1974). *Estevez* recognizes that these provisions of the 1968 Georgia Criminal Code provide new, expanded statutory tests for determining double jeopardy questions, thereby rendering inapplicable previous Georgia decisions applying only minimum constitutional standards of double jeopardy. These statutory provisions distinguish between two aspects of double jeopardy —

first, limitations upon multiple prosecutions for crimes arising from the same conduct (referred to as the *procedural* bar of double jeopardy); and, second, limitations upon multiple convictions or punishments that may be imposed for such crimes (referred to as the *substantive* bar of double jeopardy).

As to the *procedural* bar of double jeopardy, Code Ann. § 26-506 requires all crimes arising from the same conduct to be prosecuted in a single prosecution provided they are in the same jurisdiction and are known to the prosecutor unless the court in the interest of justice orders separate trials. Code Ann. § 26-507 sets out in detail when a second prosecution is barred. A prosecution is not barred within the meaning of Code Ann. § 26-507, "if the former prosecution was before a court which lacked jurisdiction over the accused or the crime." Id., subsection (d) (1).

In the present case, it is undisputed that the appellant kidnapped Roy Asbell in Twiggs County, inflicted bodily injury upon him in that county, and then abducted him to Bleckley County and killed him there. As a result, these two offenses were not within a single court's jurisdiction and could not have been tried together. Therefore, there was no procedural bar to the appellant's subsequent prosecution for the murder of Roy Asbell in Bleckley County. *Potts v. State,* supra, 241 Ga. at pp. 77-78.

As to the *substantive* bar of double jeopardy, Code Ann. § 26-506 (a) (1) provides that when the conduct of an accused may establish the commission of more than one crime, the accused may be *prosecuted* for each crime, but he may not be *convicted* of more than one crime, if one crime is included in the other. Code Ann. § 26-505 (a) and (b) provide alternative rules for determining when one crime is included in another. A crime is so included if "[i]t is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged" (Code Ann. § 26-505 (a)), or "[i]t differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission" (Code Ann. § 26-505 (b)). Code Ann. §

26-505 (a) sets out the rules for determining included crimes as a matter of fact, and Code Ann. § 26-505 (b) sets out the rules for determining included crimes as a matter of law. *Estevez v. State,* supra, 232 Ga. 316.

In *Potts,* supra, we held that murder and kidnapping with bodily injury are not included crimes as a matter of law, citing *Pryor v. State,* 238 Ga. 698, 701 (234 SE2d 918) (1977). However, Potts argued that his murder conviction was included in his kidnapping-with-bodily-injury conviction as a matter of fact, since the kidnapping-with-bodily-injury indictment alleged as the bodily injury the killing of the victim. This is the precise argument the appellant makes in this case. In *Potts* we rejected the argument that the murder charge was, therefore, established by proof of the same or less than all of the facts required to establish the commission of kidnapping-with-bodily-injury charge. We rejected this argument because the state, in order to establish the kidnapping-with-bodily-injury charge, had to prove an unlawful abduction of the victim against his will, which did not have to be proved in order to establish the murder charge; and, in order to establish the murder charge, the state had to prove malice aforethought, which did not have to be proved in order to establish the kidnapping-with-bodily-injury charge. In other words, we held that murder and kidnapping with bodily injury were not included as a matter of fact under the first prong of Code Ann. § 26-505 (a), since these crimes have distinct elements. The first enumeration of error is without merit.

2. In the second enumeration of error, the appellant argues that the failure of the court reporter to transcribe the closing arguments of counsel renders the subsequently imposed death penalty unconstitutional.

It is true that improper statements made by the prosecutor in his closing argument to the jury can cause the death penalty to be set aside. See *Prevatte v. State,* 233 Ga. 929 (214 SE2d 365) (6) (1975). Therefore, even though not required by statute (Code Ann. § 27-2401), closing arguments of counsel should be taken down in a case in which the state is seeking the death penalty. We are unable, however, to accept the proposition that the failure to transcribe the closing arguments of counsel requires

the death penalty automatically to be set aside.

In the present case, it appears as though the closing arguments of counsel were recorded by the court reporter. However, the appellant's trial counsel were informed by the trial judge that it was the practice in that judicial circuit not to transcribe the closing arguments of counsel absent a request from either the state or the defendant. Neither counsel for the state nor counsel for the defendant requested that closing arguments be transcribed. Trial counsel were, however, further informed by the trial judge that if they had any objections to the district attorney's closing argument, the objectionable portion of the argument would be transcribed. No objections were made. An affidavit of the trial judge was received at the habeas corpus hearing, and in that affidavit the trial judge stated that: "In his closing argument, [the district attorney] factually summarized the evidence in the case. He made no allusions to race, nor did he use any epithet in referring to [the appellant]. I recall no statement by [the district attorney] that was inflammatory or that injected passion or prejudice into the trial of [the appellant]." One of the appellant's trial counsel testified at the habeas corpus hearing, and he did not claim that the district attorney stated anything objectionable in closing argument. During oral argument before this court appellate counsel was not aware of anything objectionable stated by the district attorney during closing argument at trial.

We find this enumeration of error to be without merit, primarily because the appellant has failed to demonstrate any harm or prejudice resulting from the failure of the court reporter to transcribe closing arguments. See *Robinson v. State,* 229 Ga. 14 (189 SE2d 53) (1972). See also *Sims v. Smith,* 228 Ga. 136 (184 SE2d 347) (1971).

3. In the third enumeration of error, the appellant argues that the death penalty must be set aside because the trial court's instructions to the jury were in violation of *Fleming v. State,* 240 Ga. 142 (7) (240 SE2d 37) (1977), in that the jurors were not clearly informed that they had the authority to impose a life sentence even though they found the existence of statutory aggravating circumstances.

Although the alleged failure of this charge to comply with the sentencing portion of our capital punishment statute (Code Ann. § 27-2534.1) claims a substantial denial of rights under Georgia law and thereby asserts a claim cognizable on habeas corpus (Code Ann. § 50-127 (1)), nonetheless the state argues that the failure of the appellant to object to the charge at trial constitutes a waiver and precludes him from raising the issue in habeas corpus proceedings. This argument raises the question whether sentencing charges on death cases will be reviewed by this court on habeas corpus when not preserved by proper objection.

The general rule is that jury charges are not reviewable on habeas, although a charge which is so defective as to render the trial fundamentally unfair is reviewable in habeas corpus proceedings (*Byrd v. Hopper,* 234 Ga. 248 (215 SE2d 251) (1975)), even though unobjected to at trial. *Parrish v. Hopper,* 238 Ga. 468 (233 SE2d 161) (1977). This court always has the *power* to review charges whether objected to or not. *Parrish v. Hopper,* supra, and concurring opinion of Justice Hall.

We conclude that in a death case the sentencing charge is so crucial to the outcome of the trial that we will exercise our power to review those charges when the issue is placed before us on habeas, whether objection was made in the trial court or not.

Considering on the merits the charge given Stephens' jury in the sentencing phase, we find that the jurors were accurately informed of their responsibility under the death penalty statute, as required by *Fleming,* supra, and *Hawes v. State,* 239 Ga. 630 (238 SE2d 418) (1977), as well as our more recent decision in *Spivey v. State,* 241 Ga. 477 (1978). The charge was not erroneous.

4. In the fourth enumeration of error, the appellant argues that one of the statutory aggravating circumstances under which the death penalty was imposed was improperly invoked by the state.

The statutory aggravating circumstance complained of is found in Code Ann. § 27-2534.1 (b)(1), which provides in pertinent part that "[t]he offense of murder, rape, armed robbery, or kidnapping was committed by a person with a prior record of conviction for a capital felony . . ."

The appellant argues that at the time he committed the murder of Roy Asbell he did not have a "prior record of conviction for a capital felony." Although the appellant was convicted of a murder and two armed robberies committed prior to the date that he murdered Roy Asbell, these convictions were not obtained until after the murder of Roy Asbell was committed.

This argument raises the question whether, in deciding if the the appellant has "a prior record of conviction for a capital felony" the jury should consider his record as of the moment of the crime or as of the time of sentencing. We conclude the latter was intended by the legislature, and at the time of his sentencing Stephens' jury could correctly find that he had such a record. To conclude otherwise would produce the intolerable result that an offender with no prior record could commit numerous separate murders one after the other before being apprehended, and then, at the trials for those murders, could *never* receive death under this aggravating circumstance even though convicted of each and every one of the murders.

The evidence supports this aggravating circumstance.

5. Finally, the appellant argues that since, under *Arnold v. State,* 236 Ga. 534, supra, one aggravating circumstance found by the jury is unconstitutionally vague, the death penalty cannot stand, because presenting evidence to the jury to support that invalid aggravating circumstance was prejudicial error.

The evidence introduced by the state was the appellant's criminal record. Code Ann. § 27-2503 (b) (Ga. L. 1974, pp. 352, 357) provides in part: "In all cases in which the death penalty may be imposed and which are tried by a jury, upon a return of a verdict of guilty by the jury, the court shall resume the trial and conduct a presentence hearing before the jury. Such hearing shall be conducted in the same manner as presentence hearings conducted before the judge as provided in subsection (a) of this section." Under Code Ann. § 27-2503 (a), the record of any prior criminal convictions of the defendant, if made known to the defendant prior to his trial, is admissible. The record of the appellant's prior criminal convictions

was, therefore, admissible in the penalty phase of this trial. This final enumeration of error is without merit.

*Judgment affirmed. All the Justices concur, except Undercofler, P. J., who concurs specially, Hill, J., who also concurs in the judgment, except that as to Divisions 1 and 4 he concurs in the judgment only, and Marshall, J., who concurs specially as to Division 1 and dissents as to Division 4.*

ARGUED MAY 8, 1978 — DECIDED JULY 6, 1978 —
REHEARING DENIED JULY 20, 1978.

*James C. Bonner, Jr., Hugh Lawson,* for appellant.
*Arthur K. Bolton, Attorney General, Harrison Kohler, Assistant Attorney General,* for appellee.

UNDERCOFLER, Presiding Justice, concurring specially.

I believe Division 1 of the majority opinion can be stated more concisely as follows:

1. Separate prosecutions for crimes arising from the same criminal transaction are barred generally. They are not barred where the court lacks jurisdiction or the court orders separate trials in the interest of justice. Code Ann. § 26-506 (b) (c).

2. Separate punishment (conviction) of a crime is barred where it is included as a matter of law in another crime for which the defendant has been convicted. Crimes are included as a matter of law by statute or judicial decisions.

3. Separate punishment (conviction) of a crime is barred when it was included as a matter of fact in proving another crime for which the defendant has been convicted.

(a) When the elements of the separate crimes have been proved by additional and distinct facts, the crimes are not included as a matter of fact and the defendant may be convicted of both crimes. In such case, the proof may overlap in part, but the proof of either crime does not encompass the other. *Potts v. State,* 241 Ga. 67 (243 SE2d

510) (1978).

(b) When all, or less than all, the facts which were necessary to prove one crime are the only facts which proved the other crime the latter crime is included as a matter of fact and the conviction of the latter crime is barred. In such case, the proof of the included crime is encompassed by the proof of the other crime. *State v. Estevez,* 232 Ga. 316 (206 SE2d 475) (1974).

4. *Allen, Burke, Zilinmon, Williams* and *Pryor* are not inconsistent with *Potts.* The hypothetical case in *Pryor* should be disregarded.

MARSHALL, Justice, concurring specially as to Division 1 and dissenting as to Division 4.

1. I agree with the holding in Division 1 of the majority opinion that the appellant's substantive and procedural double jeopardy arguments are controlled adversely to him by our decision in *Potts.* However, I would add the following to what has been stated in Division 1 of the court's opinion:

I believe that our decision in *Potts* signaled a shift from the method of analysis previously used by this court in determining whether a crime is established by proof of the same or less than all the facts required to establish the commission of another crime, within the meaning of Code Ann. § 26-505 (a). In making this determination, *Estevez,* and a line of cases following it (*Allen v. State,* 233 Ga. 200 (3) (210 SE2d 680) (1974); *Burke v. State,* 234 Ga. 512 (2) (216 SE2d 812) (1975); *Zilinmon v. State,* 234 Ga. 535 (8) (216 SE2d 830) (1975); *Williams v. State,* 238 Ga. 244 (7) (232 SE2d 238) (1977); *Pryor v. State,* 238 Ga. 698 (1) (234 SE2d 918) (1977)), look to the actual evidence introduced at trial. These cases hold, in effect, that if the state uses up all the evidence that the defendant committed one crime in establishing another crime, the former crime is included in the latter as a matter of fact under Code Ann. § 26-505 (a).

However, in *Potts,* we looked not to the actual evidence adduced at trial, but to the evidence required to establish each element of the crime, in determining whether two crimes are included under the first prong of Code Ann. § 26-505 (a).

Concededly, in the vast majority of cases, utilization of one or the other approach would produce the same result. However, the difference in the two approaches, albeit subtle, has the potential for producing drastically different results, as in *Potts* where it could have meant the difference between the affirmance or setting aside of a death sentence. For in *Potts* we held, correctly I believe, that even though the kidnapping-with-bodily-injury indictment alleged the killing of the victim as the bodily injury sustained, the offense of murder was not established by proof of less than all the facts required to establish the offense of kidnapping with bodily injury, since the state had to prove malice aforethought in order to convict the defendant of murder. However, as we are all aware, the element of malice aforethought, which must be present before a killing can constitute murder, can be either express or implied. The evidence of malice in *Potts* may well have been implied, in which case there would have been no independent evidence of malice other than the circumstances surrounding the defendant's killing of the victim. In this latter event, under *Estevez* and its progeny, the evidence required to convict of kidnapping with bodily injury would have been the only evidence showing the defendant's murder of the victim; therefore, murder would have been included in the crime of kidnapping with bodily injury under Code Ann. § 26-505 (a).

Furthermore, under traditional double jeopardy analysis, the "distinct elements" test is the standard used in determining whether one crime is included in another as a matter of law. See Blockburger v. United States, 284 U. S. 299 (52 SC 180, 76 LE 306) (1932); Gavieres v. United States, 220 U. S. 338 (31 SC 421, 55 LE 489) (1911); Burton v. United States, 202 U. S. 344 (26 SC 688, 50 LE 1057) (1906). This is the test this court adopted in *Potts* for determining included crimes under the first prong of Code Ann. § 26-505 (a) as a matter of fact. In my opinion, continuing to speak of Code Ann. § 26-505 (a) as setting out the rules for determining included crimes as a matter of fact and Code Ann. § 26-505 (b) as setting out the rules for determining included crimes as a matter of law, becomes somewhat muddlesome. I would hold, quite

simply, that the first prong of Code Ann. § 26-505 (a) establishes the "same evidence" test as one of several alternative tests for determining the limitations for multiple punishments for crimes arising from the same conduct of the accused, and Code Ann. § 26-507 adopts the "same transaction" test for determining limitations upon successive prosecutions for such crimes.

The "same evidence" test and the "same transaction" test are the predominant tests used by the courts in this country in resolving double jeopardy questions as a matter of constitutional law. The great deal of confusion which has been engendered by the double jeopardy proscriptions of the Federal and State Constitutions is largely attributable to the fact that the courts have adopted either one or the other test for determining both substantive and procedural double jeopardy questions. In my opinion, the first prong of Code Ann. § 26-505 (a) adopts the "same evidence" test for the resolution of substantive double jeopardy questions, and Code Ann. § 26-507 adopts the "same transaction" test for the resolution of procedural double jeopardy questions. As to the procedural aspect of the double jeopardy bar, the 1968 Criminal Code thus extends to the accused more protection than the Constitution requires. Compare Brown v. Ohio, 432 U. S. 161 (97 SC 221, 53 LE2d 187) (1977) (Brennan and Marshall, JJ., concurring); Thompson v. Oklahoma, 429 U. S. 1053 (97 SC 768, 50 LE2d 770) (1977) and cits.

2. In Division 4, the appellant argues that one of the statutory aggravating circumstances under which the death penalty was imposed is not supported by the evidence. The statutory aggravating circumstance complained of is found in Code Ann. § 27-2534.1 (b) (1), which provides in pertinent part, that: "[t]he offense of murder, rape, armed robbery, or kidnapping was committed by a person with a prior record of conviction for a capital felony. . ." The convictions of the appellant for other capital felonies were not obtained until after the appellant committed the murder of Roy Asbell. Therefore, the murder of Roy Asbell was not committed by a person with a prior record of conviction for a capital felony, as clearly specified in the statute. In holding that it was, a

majority of this court violate the cardinal rule of statutory construction that where a statute is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it, but must construe it according to its terms. *Rayle Elec. Membership Corp. v. Cook,* 195 Ga. 734 (2) (25 SE2d 574) (1943); *State Revenue Comm. v. Brandon,* 184 Ga. 225, 228 (190 SE 660) (1937) and cits.; *Barnes v. Carter,* 120 Ga. 895, 898 (48 SE 387) (1904); *Ezekiel v. Dixon,* 3 Ga. 146, 158 (1847).

The majority arrive at this construction of the statute by envisioning a hypothetical situation in which an offender with no prior record commits numerous separate murders before being apprehended. The majority note that if we construe this statutory aggravating circumstance as referring to the defendant's record at the time the crime was committed, rather than at the time of the trial, the defendant in the hypothetical situation could not receive the death penalty (unless of course, another statutory aggravating circumstance was present). The majority deem this an "intolerable result" and, therefore, conclude that the legislature did not intend it. What the majority ignore is that another portion of Code Ann. § 27-2534.1 (b) (1) authorizing imposition of the death penalty where "[t]he offense of murder . . . was committed by a person . . . who has a substantial history of serious assaultive criminal convictions" would cover the hypothetical situation, had it not been for the fact that it was struck down by this court in *Arnold v. State,* supra. The majority construe the portion of Code Ann. § 27-2534.1 (b) (1) under review to mean neither what it says nor what the legislature intended it to mean. The majority construe it to mean what the legislature intended by the enactment of that portion of the statute struck down in *Arnold.* In so doing, I think that this court invades the province of the legislature. I respectfully dissent as to Division 4.