## 34047. MATHIS v. THE STATE.

PER CURIAM.

Willie Mathis was indicted with three other persons for the malice murder of Samuel Celphus Newbill and robbery. On his separate trial he was convicted of both offenses and given sentences of life imprisonment and 20

years, to run concurrently. He appeals from these convictions and sentences.

The medical testimony showed that the victim died as the result of a skull fracture caused by a blunt object. The victim's body was found in a small building at his place of employment when other employees came to work. When they unlocked the door of the building they discovered the victim lying on a couch, dead. An old shotgun and a .22 rifle were missing from the room.

A Jackson-Denno hearing was conducted in which Detective Huffman and the appellant were questioned about a written statement given by the appellant. The trial judge found that the statement was admissible.

The written statement of the appellant was not read to the jury nor introduced as evidence. Detective Huffman stated that the appellant signed a statement in his presence and identified a statement of rights and waiver of counsel signed by the appellant, which was introduced in evidence.

Detective Huffman testified that: After the appellant made a statement, they went to an address on Jones Avenue. They had talked with the appellant about items taken from the crime scene, and asked him if he knew where the victim's billfold was, and he stated that he did. When they went to the Jones Avenue address the appellant pointed out to them where the billfold was, at the rear of a house in some undergrowth. The billfold had the victim's name in it, but no money.

Defense counsel cross examined Detective Huffman and asked him if the appellant admitted killing anybody in his statement, and the witness replied that he did not. The witness was then asked what persons the appellant admitted being with, and the witness named the other persons jointly indicted with the appellant. Defense counsel then asked if the statement indicated that all four persons went to "this location" together, and left together, and the witness replied that it did.

On redirect examination Detective Huffman stated that he inquired of the appellant where the missing shotgun was located, and the appellant stated that he did not know; the appellant stated that Timothy Towns, one of the co-indictees, had the .22 rifle. The witness was then

asked whether the appellant stated that he did not actually strike the man, that they went there to rob the man, and the witness replied in the affirmative. The witness was then asked, "As far as his participation, Mr. Mathis, they were there to rob the man but he didn't actually beat him?" At this point defense counsel objected to the question, asserting that the statement itself was the best evidence. The court sustained this objection and no other questions were asked concerning the statement.

1. The appellant contends that the evidence was insufficient to support the verdict.

We have set out the entire evidence indicating the appellant's participation in the crimes charged. There is no evidence as to the circumstances of the robbery and homicide. The jury was authorized to find from the statements of the appellant related by Detective Huffman that the appellant with three other persons went to the place of the homicide for the purpose of robbing the victim, and that the victim was robbed and killed. The testimony of Detective Huffman that the appellant pointed out the place where the victim's billfold had been discarded corroborated this statement. While there was no direct evidence to contradict the appellant's statement, related by Detective Huffman that the appellant did not strike the victim, the jury was authorized to conclude that the appellant was the actual perpetrator of the homicide. "The jury in passing upon an incriminating admission may believe a portion of it and reject the balance as false. *Cook v. State*, 114 Ga. 523 (40 SE 703)." *Smith v. State*, 202 Ga. 851, 859 (45 SE2d 267) (1947).

Where persons conspire to rob another, and in furtherance of the common design to rob, kill the person intended to be robbed, such killing is a probable consequence of the unlawful design to rob, and malice is imputable to all the persons involved in the conspiracy to rob. Under the facts of this case the jury was authorized to convict for malice murder and robbery.

2. The appellant contends that the court erred in denying his motion to dismiss the indictment. The motion was based on the ground that he was not given a preliminary hearing within 72 hours of his arrest.

The appellant's conviction will not be reversed

because of the failure to give him a preliminary hearing within the time required by law. *State v. Middlebrooks,* 236 Ga. 52 (222 SE2d 343) (1976).

3. It is contended by the appellant that the state did not carry its burden of proof in the Jackson-Denno hearing prior to permitting Detective Huffman to give testimony concerning the statements made by the appellant. We have examined the evidence submitted, and find no error in the trial judge allowing this witness to testify concerning the appellant's statements.

4. The appellant asserts that the trial court erred in charging Code Ann. § 26-801 (Ga. L. 1968, pp. 1249, 1271), defining the parties to a crime. This section was pertinent to the evidence in the case, and it was not error to charge it.

*Judgment affirmed. All the Justices concur, except Hall, J., who concurs in the judgment only, and Jordan and Hill, JJ., who dissent.*

ARGUED SEPTEMBER 20, 1978 — DECIDED DECEMBER 5, 1978 — REHEARING DENIED DECEMBER 20, 1978.

Willie Mathis, *pro se.*

*Lewis R. Slaton, District Attorney, Victor Alexander, Jr., Assistant District Attorney, Arthur K. Bolton, Attorney General, Michael R. Johnson,* for appellee.

JORDAN, Justice, dissenting.

In my opinion the conviction of robbery was a lesser included offense of murder under the facts of this case and that conviction should be set aside.

Whether robbery is a lesser included offense in the crime of malice murder depends on the facts of the case.

In *Barrow v. State,* 235 Ga. 635, 637 (221 SE2d 416) (1975); *Dobbs v. State,* 236 Ga. 427, 433 (224 SE2d 3) (1976); and *Fleming v. State,* 236 Ga. 434, 435 (224 SE2d 15) (1976); in which this court held that robbery was not a lesser included offense of the offense of malice murder, the appellant was the person shooting the victim. In *Duhart v. State,* 237 Ga. 426 (228 SE2d 822) (1976); and *Hawes v. State,* 239 Ga. 630 (238 SE2d 418) (1977); the murder and

robbery were separate crimes under the facts of those cases.

Where the accused did not do the actual killing, and his conviction of malice murder is supported only by his participation in a robbery, proof of the robbery is essential to support his conviction of malice murder, and this court has held that the robbery is an included offense. *Burke v. State,* 234 Ga. 512, 515 (3) (216 SE2d 812) (1975); *Tarpkin v. State,* 236 Ga. 67, 70 (5) (222 SE2d 364) (1976).

There was no evidence to contradict the appellant's statement to the detective that he did not strike or beat the victim and the jury had no other evidence upon which to base a finding that the appellant was the actual perpetrator of the crime.

I respectfully dissent.