## 34450. MASSEY v. THE STATE.

BOWLES, Justice.

Appellant Ricky Lee Massey was indicted in Gwinnett County for armed robbery and murder. He was tried and the jury found him guilty on both counts. Appellant was sentenced to life imprisonment for the murder conviction.

1. Appellant complains that it was error to admit into evidence testimony of officers to whom appellant had made incriminating statements, on the grounds that his rights under the Juvenile Code of Georgia were violated, that the state failed to show that the statements made were voluntary, and that he was not advised of his Miranda rights.

Appellant admitted at trial that he lied to police officers about his age, telling them he was seventeen, because he "didn't want to go through the procedures of juvenile court." It also appeared from the evidence that appellant had in his possession a driver's license which showed his age to be seventeen. Other factors which reinforced the officers' belief that appellant would not come under the provisions of the Juvenile Code were appellant's appearance as an adult, his statement that he had his own apartment apart from his parents, that he was working and making his own living, and that he owned an automobile titled in his name.

Confessions of juveniles are to be scanned with great care, but are not automatically excluded if the provisions of the Juvenile Code are not complied with. *Riley v. State,* 237 Ga. 124, 128 (226 SE2d 922) (1976); *Crawford v. State,* 240 Ga. 321, 323 (240 SE2d 824) (1977). In *Riley,* this court adopted a totality of the circumstances test to be used in considering whether a juvenile waived his right to

remain silent.

In applying that test in this case, we find that (1) appellant was 16; (2) he had a ninth or tenth grade education; (3) he admitted he was given Miranda warnings, and stated that he was familiar with them and understood them; (4) he came to the police voluntarily with several friends; (5) he was not under arrest when he made his first statement; (6) he volunteered the information and was not threatened in any way; (7) the interrogation time was not excessive; (8) he never refused to make a statement; and (9) he never repudiated his statement and the facts in the case. See, *Riley v. State,* supra.

Based on these facts and considering appellant's direct misrepresentation of his age to police, we conclude that the statements made by appellant were admissible. Appellant knowingly and voluntarily waived his right to be questioned according to the provisions of the Juvenile Code. Appellant's enumerations of error 1-3 are without merit.

2. Appellant also complains of the court's failure to charge that the jury was to determine the voluntariness of his admissions using the "totality of the circumstances" test.

The charge as requested was an improper statement of the law and was properly refused. The "totality of the circumstances" test is to be applied by the trial court in determining the admissibility of a statement. The court charged the law fully and clearly as it pertains to incriminating statements. Appellant's eighth enumeration of error is without merit.

3. Appellant complains that it was error to allow his written statement to be read verbatim to the jury.

The trial court determined that the written statement was voluntarily made and was admissible. The evidence supports this determination. The officer, before reading the statement to the jury, testified that he had personally obtained the written statement from appellant. It was not error to allow the statement to be read to the jury. *Williams v. State,* 238 Ga. 298 (232 SE2d 535) (1977).

4. Appellant complains that the trial court erred in

allowing the state to question him about previous arrests and about his involvement in previous juvenile court proceedings.

The record shows that this questioning occurred during the Jackson-Denno hearing, outside the presence of the jury. The information sought was relevant to the determination of voluntariness under the "totality of the circumstances" test. The information elicited sought to show that appellant had been involved in criminal proceedings before, and was familiar with the procedures used by the police. We find no error in allowing the questions. Appellant's fifth enumeration of error is without merit.

5. Appellant complains that the state improperly placed his character into issue. The questioning complained of was as follows: "Q. Now, Mr. Massey, if you had no part in it why were you afraid to come forward and tell the officers what you knew from the very start? A. Well, I know some friends of mine that didn't have nothing to do in certain incident(s) and they were brought into it anyway . . . Q. Whether those people had anything to do with it, that is just your opinion isn't it? A. No. . . . Q. And those people were tried and convicted weren't they? A. Yes."

This continued questioning about appellant's friends who had been convicted did not place appellant's character in issue. The district attorney was attempting to show that those friends, who appellant contended were innocent, had received a fair trial.

We find no merit in appellant's enumeration of error.

6. Appellant complains that the court refused to allow testimony regarding statements allegedly made by his co-indictee Danny Baker, to the effect that he was solely responsible for the murder and appellant was innocent. The trial court excluded the testimony as violative of the hearsay rule.

Code Ann. § 38-301 provides, "Hearsay evidence is that which does not derive its value solely from the credit of the witness, but rests mainly on the veracity and competency of other persons. The very nature of the evidence shows its weakness, and it is admitted only in specified cases from necessity." Appellant has failed to

give any assurances of the trustworthiness of the hearsay testimony he sought to introduce.

It has long been recognized in Georgia that "[d]eclarations by another person to the effect that he, and not the accused, was the actual perpetrator of the offense, are not admissible in favor of the accused upon his trial." *Little v. Stynchcombe,* 227 Ga. 311 (2) (180 SE2d 541) (1971); *Green v. State,* 242 Ga. 261 (14) (249 SE2d 1) (1978). While this rule may no longer apply in every case under the rationale expressed in Chambers v. Mississippi, 410 U. S. 284, 298 (93 SC 1038, 35 LE2d 297) (1972), we find that the testimony was properly excluded in this case.

Baker was not offered as a witness for either side, nor was his absence explained. Appellant's own testimony of Baker's alleged statements could not be viewed as disinterested and reliable. The other witnesses that appellant sought to call were not established as being trustworthy. To the contrary, it was shown they were jail inmates at the time they allegedly overheard the statements being made in the next jail cell. No foundation was laid to support their trustworthiness.

Under the facts of this case, the trial court correctly excluded the testimony.

7. Appellant complains that it was error to charge the jury on felony murder under a malice murder indictment, and on malice murder, as requested by the state, when there was no evidence to show that appellant was the trigger man.

We have reviewed the charge given by the trial court and find it to be correct. The jury was sufficiently instructed on parties to a crime and on the rules pertaining to malice murder and felony murder. Under the indictment and facts here, felony murder was an included offense of malice murder, as a matter of fact. *Burke v. State,* 234 Ga. 512 (216 SE2d 812) (1975). Therefore, it was not error to charge the jury on felony murder.

The evidence in this case supports the finding that appellant was guilty of murder with malice aforethought. The jury was correctly charged. Appellant's ninth enumeration of error is without merit.

8. Appellant complains that the trial court restricted his right to cross examine a witness. The question asked by defense counsel of a police officer involved the preparation of bail bond receipts. The question asked called for a conclusion on the part of the witness and was properly disallowed. We find no error.

9. Appellant complains that the verdict and judgment are contrary to law and the principles of justice and equity, are contrary to the evidence, are against the weight of the evidence, and that the motion for new trial should have been granted.

We have reviewed the evidence in this case and find that it supports the verdict and judgment of the trial court. Appellant's motion for new trial was properly denied.

10. Appellant argues that in the event his conviction for murder is upheld, this court should vacate his conviction of armed robbery under the rationale of *Burke v. State,* supra.

In this case the evidence was sufficient to support a jury finding that appellant took part in a common plan to commit both malice murder and armed robbery. Therefore, the armed robbery was not a lesser included offense of malice murder. *Hawes v. State,* 239 Ga. 630 (238 SE2d 418) (1977). Appellant's conviction for armed robbery is affirmed.

*Judgment affirmed. All the Justices concur, except Hill, J., who dissents as to Division 2.*

ARGUED JANUARY 16, 1979 — DECIDED
FEBRUARY 27, 1979.

*Thomas Stanley Sunderland,* for appellant.
*Bryant Huff, District Attorney, Arthur K. Bolton, Attorney General, Mary Beth Westmoreland,* for appellee.