## 36305. HOERNER v. THE STATE.

JORDAN, Presiding Justice.

Christopher Hoerner was convicted in the Dawson Superior Court of armed robbery and malice murder, and given consecutive life sentences. He appeals. We affirm.

1. Hoerner notes that armed robbery is a lesser included offense of malice murder when a rational trier of fact could find, beyond a reasonable doubt, only that the defendant was a party to the armed robbery and that his co-defendant's murder of the victim was a probable consequence of the same, see *Burke v. State,* 234 Ga. 512, 515 (216 SE2d 812) (1975), and argues that, based on the facts of the present case, his conviction for armed robbery must be vacated.

We note, however, that armed robbery is *not* a lesser included offense of malice murder when a rational trier of fact could find, beyond a reasonable doubt, that the defendant was a party to *both* the armed robbery *and* his co-defendant's murder of the victim, see *Hawes v. State,* 239 Ga. 630, 631 (238 SE2d 418) (1977), and conclude that, based on the facts of the present case, Hoerner's conviction for armed robbery need not be vacated.

The evidence establishes that, after hearing two shots being fired inside the trailer wherein the victim was robbed and killed, Hoerner held three individuals at bay with a sawed-off shotgun while his two accomplices returned from the trailer to the car and then drove himself and his two accomplices from the scene of the crimes.

"This evidence negates any effort on the part of Hawes to 'abandon ship' [after learning that the victim had been] . . . shot and is sufficient to support a jury verdict that he was part of a common design to commit both murder and armed robbery." *Hawes v. State,* 239 Ga. at 631.

This enumeration of error is without merit.

2. Hoerner argues that the trial court erred in making his life sentence for armed robbery consecutive to his life sentence for malice murder.

"It is within the discretion of the trial judge to impose consecutive sentences for separate offenses. Code Ann. § 27-2510." *Smith v. Ault,* 230 Ga. 433 (197 SE2d 348) (1973).

This enumeration of error is without merit.

3. Hoerner notes that his co-defendant stated in open court that he would invoke his Fifth Amendment right against self-incrimination regarding all questions relevant to Hoerner's trial and argues that the trial court therefore erred in allowing the district attorney to compel his co-defendant, in the presence of the jury, to invoke his Fifth Amendment right in answer to four separate

questions. Hoerner complains that the jury improperly inferred his guilt from his co-defendant's repeated invocation of the latter's Fifth Amendment right.

We note that Hoerner did not object to the four questions on this ground, and, in fact, expressly waived the present objection as to the final two questions.

Accordingly, we hold that Hoerner has waived the present objection to the four questions and that this enumeration of error is without merit.

4. Hoerner argues that the trial court erred in denying his motion for mistrial premised on the district attorney's statement, in the presence of the jury, that he personally believed that Hoerner had planned and directed the armed robbery and murder.

While a district attorney may draw conclusions from facts proven, "[i]t is improper for the district attorney to urge his personal belief . . . as to the defendant's guilt . . ." *Shelton v. State,* 146 Ga. App. 763, 765 (247 SE2d 580) (1978).

"In passing on a motion for mistrial because of an improper statement of the prosecutor, [however], the trial judge may take such action as in his judgment will prevent harm to the defendant, and a new trial will not be granted unless it is clear that such action failed to eliminate the statement from consideration by the jury." *Watkins v. State,* 237 Ga. 678, 682-683 (229 SE2d 465) (1976).

In the present case, the trial court instructed the jury "to disregard [the district attorney's] remark, erase it from your mind. Do not consider it in your deliberations." Further, the trial court, in the presence of the jury, rebuked the district attorney for his improper remark.

Considering the trial court's corrective instructions, we hold that its denial of Hoerner's motion for mistrial did not constitute an abuse of discretion.

5. Hoerner notes that the trial court's charge, as submitted to him prior to closing arguments, did not include the charge on conspiracy which the trial court in fact gave to the jury and argues that, consequently, the trial court deprived him of his right to refute the State's conspiracy theory of criminal liability.

This court noted in *Burke v. State,* 234 Ga. 512, supra at 516, that "while [Code Ann. § 26-801] . . . does not use the word 'conspiracy,' it is plain that it embodies the theory of conspiracy insofar as it renders one not directly involved in the commission of a crime responsible as a party thereto."

Since the trial court's charge, as submitted to Hoerner prior to closing arguments, did include Code Ann. § 26-801, we hold that the trial court's charge on conspiracy, which the trial court gave to the

jury after closing arguments, did not deprive Hoerner of his right to refute the State's conspiracy theory of criminal liability.

6. Having reviewed the remaining enumerations of error and the record relevant thereto, we hold that said enumerations of error are without merit.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 7, 1980 — DECIDED SEPTEMBER 5, 1980 —
REHEARING DENIED SEPTEMBER 23, 1980.

*Robert E. Andrews,* for appellant.
*Jeff C. Wayne, District Attorney, Arthur K. Bolton, Attorney General, Susan V. Boleyn, Assistant Attorney General,* for appellee.