## S08A0837. HUTCHINS v. THE STATE.
### (667 SE2d 589)

CARLEY, Justice.

Ricky Hutchins was convicted of malice murder, armed robbery, and motor vehicle theft. This Court affirmed the convictions in *Hutchins v. State*, 261 Ga. 366 (404 SE2d 548) (1991). In December 2007, Hutchins filed a pro se motion to vacate a void and illegal sentence, contending that the conviction and sentence for armed robbery must be merged into the malice murder conviction. Hutchins appeals from the trial court's order denying this motion. Since Hutchins alleged a ground that could void a conviction and sentence, that order is directly appealable. *Chester v. State*, 284 Ga. 162 (664 SE2d 220) (2008).

Hutchins relies on *Huynh v. King*, 95 F3d 1052, 1060 (II) (C) (11th Cir. 1996), which holds that, under Georgia law, "armed robbery may be a lesser included offense of malice murder where a defendant is a conspirator in an armed robbery scheme and a murder occurs as a probable consequence of that armed robbery. [Cit.]" However, this principle has never been applied in Georgia where "the evidence was sufficient to support a jury finding that [the defendant] took part in a common plan to commit both malice murder and armed robbery." *Massey v. State*, 243 Ga. 228, 232 (10) (253 SE2d 196) (1979). See also *White v. State*, 255 Ga. 210, 215 (10) (336 SE2d 777) (1985); *Hoerner v. State*, 246 Ga. 374 (1) (271 SE2d 458) (1980). In this case, we have already held that "the evidence was sufficient to support a finding that [Hutchins] took part in a plan to commit both the malice murder and the armed robbery. As a result, the armed robbery was not a lesser included offense of the malice murder . . . ." *Hutchins v. State*, supra at 368 (3). This ruling is the law of the case and, thus, is binding on this Court. See

*Langlands v. State*, 282 Ga. 103, 104 (2) (646 SE2d 253) (2007) ("'The "law of the case" doctrine is not confined to civil cases, but applies also to rulings made by appellate courts in criminal cases. (Cit.)' [Cit.]"); *Putnam v. State*, 264 Ga. App. 810 (1) (592 SE2d 462) (2003) (double jeopardy ruling).

Moreover, the holding on which Hutchins relies is no longer viable in light of *Drinkard v. Walker*, 281 Ga. 211 (636 SE2d 530) (2006), in which

> we disapproved the "actual evidence" test and adopted the "required evidence" test for determining when one offense is included in another under OCGA § 16-1-6 (1). Thus, a single act may constitute an offense which violates more than one statute, "'and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.' (Cit.)" [Cit.]

*Waits v. State*, 282 Ga. 1, 4 (2) (644 SE2d 127) (2007). The principle stated in *Huynh* is an application of the "actual evidence" test.

> It seems clear, however, that the . . . required evidence test would [in such cases] permit . . . a double conviction of armed robbery and malice murder, while barring a conviction of both felony murder and the underlying felony. . . . [A] required evidence approach would permit a double conviction because the proof of an armed robbery is not always required to prove malice murder.

Robert E. Cleary, Jr., *Kurtz Criminal Offenses and Defenses in Ga.*, "Multiple Convictions," (II), p. 1117, fn. 30 (2007 ed.). Malice murder, but not armed robbery, requires proof that the defendant caused the death of another human being with malice aforethought. OCGA § 16-5-1 (a). Armed robbery, but not malice murder, requires proof that the defendant, with intent to commit theft, took another's property from the immediate presence of another by use of an offensive weapon or something having the appearance of such a weapon. OCGA § 16-8-41 (a). "Therefore, each crime requires proof of at least one additional element which the other does not." *Waits v. State*, supra at 4-5 (2). Furthermore, the crimes of malice murder and armed robbery are not "so closely related that multiple convictions are prohibited under other provisions of OCGA §§ 16-1-6 and 16-1-7. [Cit.]" *Waits v. State*, supra at 5 (2). Thus, the two crimes do not merge, and those cases which hold otherwise and have therefore

been overruled by *Drinkard*, supra at 217, include the following: *Berry v. State*, 248 Ga. 430, 432 (1) (283 SE2d 888) (1981); *Tarpkin v. State*, 236 Ga. 67, 70 (5) (222 SE2d 364) (1976); *Burke v. State*, 234 Ga. 512, 515 (3) (216 SE2d 812) (1975).

Accordingly, Hutchins' conviction and sentence for armed robbery are not void, and the trial court did not err in denying the motion to vacate a void and illegal sentence. *Chester v. State*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 6, 2008.

Ricky Hutchins, *pro se.*

Louie C. Fraser, *District Attorney*, Sam Brown IV, *Assistant District Attorney*, Thurbert E. Baker, *Attorney General*, for appellee.